WARD, Judge.
A jury found Samuel Breaux guilty of simple robbery, a violation of La.R.S. 14:65. Breaux was sentenced as a multiple offender to five years at hard labor. He appeals his conviction and sentence, alleging the Trial Judge erred when he denied a motion for continuance and when he denied a motion for a new trial. However, we need not consider either assignment of error because we find the conviction is not supported by the evidence. More specifically, a rational trier of fact could not find from the evidence that one of the essential elements of simple robbery, an intent to commit a theft, was proved beyond a reasonable doubt.
The evidence only shows that on March 10, 1983 at approximately 3:00 p.m., while Breaux was a passenger on a New Orleans Public Service bus, he got up from his seat and started to walk up and down the aisle. Just as the bus driver was about to tell Breaux to sit down, Breaux, without provocation, walked up to Ms. Barbara Floyd, a passenger on the bus, and slapped her. He then walked to the rear of the bus and attacked another passenger, Mr. Thomas Carradine. Breaux punched Carradine, tore Carradine’s shirt, and in the scuffle that followed, he grabbed Carradine’s two gold chains, each with a medallion.
The bus driver, Mr. Frank A. Bedell, Jr., stopped the bus and ordered Breaux to leave. Breaux got off the bus and started walking up and down the sidewalk. Ms. Floyd, the passenger whom Breaux had slapped, and other passengers also got off the bus, and the bus remained there until Ms. Floyd flagged down an approaching police car. She told the police that someone on the bus had just attacked her and another passenger, and she gave a description of Breaux to the police. The officers spotted Breaux nearby and arrested him.
After Breaux’s arrest, the police searched the bus, Breaux, and the surrounding area for Carradine’s chains and medallions. Both medallions and one chain were found on the bus. The second gold chain was never recovered.
At the time Breaux committed these acts, simple robbery was defined as ‘‘the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.” La.R.S. 14:65.[1] Theft was an essential element of the crime of simple robbery, State v. Johnson, 368 So.2d 719 (La.1979). Consequently, the State must prove beyond a reasonable doubt that Breaux had an intent to permanently deprive Mr. Carradine of his gold chain. State v. Kinney, 431 So.2d 16 (La.App. 3rd Cir.1983).
Applying Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), no rational trier of fact, even viewing the evidence in the light most favorable to the prosecution, could find the State had *9 proved beyond a reasonable doubt the element of intent to commit a theft.
Because the State failed to prove an intent to permanently deprive Carradine of the chain, Breaux’s conviction and sentence must be reversed. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), State v. Peoples, 383 So.2d 1006 (La.1980). Accordingly, we reverse defendant’s conviction and sentence.

. Although not applicable to these facts occurring on March 10, 1983, La.R.S. 14:65 was amended, effective August 30, 1983, to substitute "taking” for "theft". Hence, an intent to permanently deprive is no longer an element of the crime of simple robbery.