475 So.2d 1123 (1985)
STATE of Louisiana
v.
Stanley HILL.
No. KA-3293.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1985.
Writ Denied November 22, 1985.
*1124 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Patricia E. Black, Asst. District Attys., New Orleans, for appellee.
Bonnie L. Zakotnik, Heisler & Wysocki, New Orleans, for appellant.
Before BARRY and WARD, JJ., and PRESTON H. HUFFT, J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tempore.
Defendant was convicted of first degree robbery, LSA-R.S. 14:64.1, and sentenced to three years in the custody of the Louisiana Department of Corrections without benefit of parole, probation or suspension of imposition or execution of sentence. In his assignments of error, defendant contends that the State failed to prove all elements of the crime and that the first degree robbery statute is unconstitutionally vague and overly broad. We affirm.
First degree robbery is defined in LSA-R.S. 14:64.1 as: "... the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use or force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon."
On July 14, 1984 at 6:30 P.M., while the victim was riding his bicycle on Newton Street in New Orleans, Louisiana, the defendant lunged at him from the sidewalk and knocked him off his bicycle. The victim struck out at the defendant to protect himself and as he was falling, he heard the defendant say, "Give it up". The bicycle crashed in the middle of the street, but the victim managed to maintain his balance. As the victim turned around, the defendant had approached the bicycle and the victim's watch, which was lying in the street alongside the bicycle. Advancing toward the victim, the defendant placed one hand inside his own pants to create an opening, reached in the opening with the other hand, and said, "That's your ass". Believing the defendant was going to pull out a weapon and shoot him, the victim threw his wallet onto the street in front of the defendant. The victim described the defendant's action when the wallet hit the ground "as though the defendant was returning a weapon to a place like it had been partially withdrawn. That is what his hands were doing." After he had completed the foregoing action, the defendant reached down, picked up the wallet along with the watch, and said, "Now, *1125 I'm taking your bike, too," as he rode off on the victim's bicycle.
Within a matter of seconds, two police officers, who were cruising in the area, appeared on the scene and, upon being advised of the complaint, pursued the defendant, who was down the street on the bicycle. The defendant jumped off the bicycle, left it leaning against a pole, and abandoned the watch and wallet. The officers arrested the defendant and retrieved the wallet, watch, and bicycle which were identified by the victim. At no time did the victim actually see a weapon nor was a weapon recovered from the defendant at the time of his arrest.
Defendant testified that as he was approaching the victim to ask for a light for his cigarette, the victim hit him in the mouth and knocked him backwards. The victim then fell from his bicycle and was getting up to come at the defendant again when he (the defendant), before realizing that he was not wearing one, reached for his belt. The victim backed up and told the defendant to take his wallet. After taking the victim's wallet and watch, he rode away on the victim's bicycle.
Based on the foregoing we conclude, viewing the evidence in the light most favorable to the prosecution, that any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Furthermore, a review of the record reveals that there are no errors patent.

ASSIGNMENT OF ERROR 1
Defendant claims in this assignment that the trial court erred in allowing the State, on redirect examination, to elicit testimony that proved an essential element of the offense, i.e., that the victim was reasonably led to believe that the defendant was armed with a dangerous weapon.
LSA-R.S. 15:281 provides:
"The redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity be not denied to recross on the new matter brought out on the redirect."
In our case, the State, on redirect examination, asked the victim: "Mr. Quick, did you reasonably believe that Stanley Hill was armed with a dangerous weapon?" The defendant objected, but declined to recross the witness.
Although LSA-R.S. 15:281 provides that the redirect be limited to the subject matter of the cross, it does allow, within the discretion of the judge, redirect on a matter not covered in the cross. However, this is only permitted as long as recross not limited to defendant is allowed on the matter not covered in the cross. In our case, the trial judge did just that and allowed the defense an opportunity to recross. As a result we cannot say that the trial judge erred in overruling defendant's objection.
We find this assignment without merit.

ASSIGNMENT OF ERROR 2
In the second assignment of error defendant alleges that the first degree robbery statute is unconstitutionally vague and overly broad and that the statute proscribes and punishes free speech.
The Louisiana Supreme Court in State v. Davis, 448 So.2d 645 (La.1948) has held that a statute avoids being vague when it describes the unlawful conduct with sufficient particularity and clarity that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. Furthermore, in order for a statute to be clear, it must satisfy two fundamental concepts. State v. Dousay, 378 So.2d 414 (La.1979). First, individuals must be given adequate *1126 notice that certain contemplated conduct is proscribed and punishable by law and second, adequate standards must be provided for those charged with determining the guilt or innocence of an accused. State v. Gill, 441 So.2d 1204 (La.1983). However, the standards need not be set forth in express terms if they may reasonably be inferred from the statutory scheme. State v. Union Tank Car Co., 439 So.2d 377 (La.1983).
In the instant case, defendant argues that the statute is vague because it requires a robber to know what act, or words, on his part would in fact lead the victim to believe that he is armed. In our opinion the statute is not vague because the language contained therein is such that it puts an individual engaged in a robbery on adequate notice that conduct which leads the victim to believe that his perpetrator is armed is prohibited. In addition, a reasonable man of ordinary intelligence is capable of discerning that conduct such as furtive movements and placing one's hand within clothing as if to remove a weapon is prohibited under the statute. Furthermore, we disagree that the statute punishes free speech because robbery, as so defined, does not come within the ambit of the rights contemplated by the First Amendment.
We find this assignment without merit.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.