545 So.2d 1203 (1989)
STATE of Louisiana
v.
Robert AUGUSTINE.
No. 88-KA-0630.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1989.
*1204 Harry F. Connick, Dist. Atty., Sandra Pettle, Asst. Dist. Atty., New Orleans, for plaintiff.
Craig Colwart, Orleans Indigent Defender Program, Robert T. Lemon II, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant.
Before BARRY, KLEES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Defendant, Robert Augustine, was charged with and convicted of first degree robbery, a violation of La.R.S. 14:64.1. He was subsequently sentenced to serve twenty years at hard labor without benefit of parole, probation, or suspension of sentence. Defendant now appeals, raising one assignment of error.
On April 14, 1987, at approximately 12:30 p.m., Frederick Hamilton was driving home in his 1970 yellow Volkswagon "Beetle" through the Fisher Housing Project where he lives. As he slowed the car down to go over a bump in the road across from the LeBouef Courtway in the project, the defendant ran up to his car. He told Hamilton that he wanted his car and instructed him to "give it up". As he was saying these things to Hamilton, he reached under his shirttail which was hanging out of his pants and pulled something out which appeared to Hamilton to be a gun or some type of weapon covered with another shirt. Hamilton described the object as "framely" like a gun or a "piece of iron".
Hamilton then exited the car as the defendant jumped into it and drove off. Hamilton went home and called the police, giving them a description of the defendant and of his car.
Approximately two hours later, Officer Jerome Moseley received a call that a vehicle matching the description of the stolen car had been seen at the corner of De Gaulle and Whitney in the Fischer Project. Moseley patrolled the project and spotted the stolen car which was being driven by the defendant with one passenger. When the defendant and the passenger saw the officer, the passenger jumped out of the car and ran away. The defendant ran the car up on the street curb, got out, ran into a vacant apartment, and barricaded himself inside. The officer called the canine unit for assistance after which the defendant was apprehended and arrested. No gun was found on the defendant or in the car.
The defendant testified that, on the night of the crime, the victim approached him and offered him the keys to his car in return for two PCP joints. The defendant did not have the drugs on hand. However, the victim gave him the keys to his car anyway believing that the defendant would get the drugs for him and return.
By his sole assignment of error the defense contends that the conviction should be reversed because the State failed to prove beyond a reasonable doubt that the defendant led the victim to believe he was armed with a dangerous weapon.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. *1205 Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). In addition, when circumstantial evidence partly forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1983) The elements must be proven such that every reasonable hypothesis of innocence is excluded La.R.S. 15:438. La.R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
The elements of first degree robbery are set forth in La.R.S. 14:64.1 which provides in pertinent part:
"First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon."
The victim's own testimony was offered by the State to prove that the victim reasonably believed that the defendant was armed with a dangerous weapon. He testified that the defendant approached him, pulled something out from beneath his shirt which resembled a gun or piece of iron covered with another shirt, ordered him to "give it up" and then took the victim's car.
These facts resemble those presented in State v. Hill, 475 So.2d 1123 (La.App. 4th Cir.1985). In Hill, the defendant lunged at the victim, knocking him off his bike, and told him to "Give it up". He then "placed one hand inside his own pants to create an opening, reached in the opening with the other hand and said `That's your ass'". Id. at 1124. The victim, believing that the defendant was going to pull out a gun and shoot him, threw his wallet down. At no time did the victim actually see a weapon, nor was a weapon recovered from the defendant. This court found that this evidence was sufficient to convict the defendant of first degree robbery.
The facts in the present case are stronger than those presented in Hill, because the victim in this case actually saw a "framely" object beneath a shirt which resembled a gun or piece of pipe. Thus, under Hill, the evidence presented is sufficient to support the conviction.
The defense's reliance on State v. Smith, 450 So.2d 714 (La.App. 4th Cir.1984), is misplaced. La.R.S. 14:64.1 was not applied to the facts of the case, because they arose before this statute, which creates the offense of first degree robbery, was enacted. The court found that the evidence supported a conviction of simple robbery, but not armed robbery, because the defendant was not actually armed with a dangerous weapon, but instead merely pointed his finger in his pocket as if he had a gun.
The defense also implies that first degree robbery involves some sort of showing of "specific intent". The only "specific intent" involved in robbery offenses arose from previous definitions of armed robbery and simple robery which defined these two offenses as requiring proof of "theft". To prove "theft" required a showing that the defendant had the specific intent to permanently deprive the victim of his property. However, now the definitions of armed robbery and simple robbery do not define these offenses by reference to "theft", thus, proof of specific intent is no longer required. Moreover, proof of specific intent to permanently deprive was never a component of first degree robbery as defined in La.R.S. 14:64.1, which was only enacted in 1983 and does not describe first degree robbery as a type of "theft". State v. Johnson, 368 So.2d 719 (La.1979); State v. Breaux, 467 So.2d 7 (La.App. 4th Cir. 1985); State v. Gordon, 504 So.2d 1135 (La.App. 5th Cir.1987).
Viewing the testimony of the victim, and the circumstances surrounding defendant's arrest, in a light most favorable to the *1206 prosecution, we find that any rational trier of fact could have found proof beyond a reasonable doubt that the defendant took the victim's automobile, which was under the victim's control, by the use of force or intimidation, while the defendant lead the victim to believe that he was armed with a dangerous weapon.
For the foregoing reasons we affirm the conviction and sentence of the defendant.
AFFIRMED.