573 So.2d 1170 (1991)
STATE of Louisiana
v.
Corey A. BOURGEOIS.
No. 90-KA-632.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 1991.
*1171 John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant-appellant.
Before GAUDIN, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
The defendant, Corey Bourgeois, was charged with Simple Robbery (LSA-R.S. 14:65). He pled not guilty and was tried by a jury and was found guilty as charged. Following the trial court's denial of the defendant's motion for a new trial Bourgeois was sentenced to eighteen months in the parish prison. This appeal followed and the defendant has urged two assignments of error, 1) Insufficiency of evidence to justify the guilty verdict and 2) Excessive sentence. The defendant has also urged that we review the record for errors patent.

FACTS
On February 14, 1989 at East Jefferson High School, George Stan Stevens bumped a helium filled balloon dislodging it from defendant's girlfriend's grasp as he walked towards the bus. Thereafter the defendant told Stevens that he owed him $8.50 for the loss of the balloon and the defendant continued to ask him for the money throughout the week.
On February 17, 1989, the defendant approached Stevens as he waited for the bus at East Jefferson High School and again asked him for $8.50. After Stevens refused to give the defendant the money the defendant "ripped" a gold chain from Stevens' neck. The defendant then walked away pursued by Stevens who demanded the return of the chain. The defendant turned around with the chain in his hand and said "This is worth about eight fifty." The defendant then placed the chain in his pocket and departed.
Subsequently, Stevens returned to school that afternoon with his father and reported the incident to the Assistant Principal giving a description and the first name of the suspect.
Approximately two weeks after the incident Stevens identified the defendant as the perpetrator.

ASSIGNMENT OF ERROR NO. 1

SUFFICIENCY OF EVIDENCE
The trial judge indicated that he heard reasonable testimony which supported the jury's verdict and denied the motion for a new trial.
The defendant additionally contends that the evidence was insufficient to support the conviction. However, the defendant does not present any factual basis for challenging the sufficiency of the evidence. Instead, the defendant urges this court to examine the overall sufficiency of the evidence. The defendant was convicted of simple robbery in violation of LSA-R.S. 14:65 which provides in pertinent part; "Simple robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another by use of force or intimidation, but not armed with a dangerous weapon."
The evidence adduced at trial established that the defendant took a gold chain from Stevens' neck while he confronted him as he waited for the bus at East Jefferson High School.
The defendant presented exculpatory testimony which was corroborated by witnesses; however, the jury, as the finder of fact, chose to believe the state's witnesses. Because it is the role of the fact finder to weigh the respective credibility of the witnesses, an appellate court will not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations *1172 under the Jackson standard of review, State v. Richson, 501 So.2d 885 (La. App. 5th Cir.1987); State v. Green, 469 So.2d 1161 (La.App. 5th Cir.1985).
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt the defendant was guilty of simple robbery.
This assignment has no merit.

ASSIGNMENT OF ERROR NO. 2

EXCESSIVE SENTENCE
The defendant faced a maximum sentence of seven years for his conviction of simple robbery. LSA-R.S. 14:65. However, he received an 18-month sentence in which his incarceration would take place not in the state penitentiary, but in the parish prison without hard labor.
Additionally, the record indicates that the defendant was eighteen years old at the time of sentencing and was a first offender with no prior criminal history as a juvenile. He had been suspended three times from school. There was another charge pending and the pre-sentence investigation report recommended against probation.
Considering this, the defendant's sentence is neither severe nor excessive and the report supports the sentencing choice of the trial judge.
This assignment of error is without merit.
We have reviewed the record and there are no errors patent.

DECREE
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.