**STATE of Iowa, Appellee,**

v.

**Vance Dale BIRCH, Appellant.**

**No. 90–1788.**

Supreme Court of Iowa.

Dec. 24, 1991.

David Nadler, Cedar Rapids, and David D. Mitchell, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Jerry Vander Sanden and Harold L. Denton, Asst. County Attys., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

Defendant, Vance Dale Birch, appeals from his conviction of the offense of robbery in the second degree in violation of Iowa Code section 711.1(2) (1989) and Iowa Code section 711.3 (1989). After considering the arguments that he presents, we affirm the judgment of the district court.

The evidence indicates that, on July 24, 1990, at approximately 11:00 a.m., defendant entered a pharmacy in Cedar Rapids. He was wearing a mask at the time. He threw a bag on the counter and asked the pharmacist for certain prescription medications. He stated that "he didn't want anybody to get shot."

The pharmacist responded to defendant's request by inquiring how anyone would be shot, given the fact that defendant did not have a gun. At this point, defendant suggested that he had a gun concealed on his person. The pharmacist then requested to see the gun, and when it was not produced, ordered the defendant to leave the store. Defendant did then leave the store while the pharmacist was calling the police.

Defendant presents two contentions on appeal. These are: (1) that, because actual fear on the part of the victim is an element of the crime, the trial court erred in denying his motion for directed verdict; and (2) that the district court erred in allowing identification testimony of the pharmacist, which was a product of the State's impermissibly suggestive identification procedures. We separately consider these claims.

I. *Whether Fear on the Victim's Part is an Element of the Offense.*

Defendant's primary contention is that, in order to sustain a conviction of robbery under section 711.1(2), it is necessary to show that the victim was actually placed in fear. From this premise, he urges that, because the pharmacist obvi-

ously was not placed in fear by his threats, the State's claim fails as a matter of law.

The pertinent portion of the statute involved reads as follows:

> A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:
>
> 1. Commits an assault upon another.
>
> 2. Threatens another with or purposely puts another in fear of immediate serious injury.

Iowa Code § 711.1(1), (2) (1989). In rejecting defendant's motion for directed verdict, the trial court determined that conviction under section 711.1(2) may be predicated upon proof of a "threat" notwithstanding the fact that the threat does not serve to place the victim in fear. We agree with that interpretation of the statute.

In interpreting statutes, we strive to give meaning to each provision thereof. *State v. Harrison*, 325 N.W.2d 770, 771–72 (Iowa App.1982). If we follow this practice in the present case, we must assume that subsection (2) of section 711.1 is designed to permit conviction of robbery under circumstances different from subsection (1).

The concept of actual fear, which defendant contends is an element of subsection (2), is, we believe, peculiarly attributable to the perpetration of an assault.[1] If the elements of an assault are shown, such conduct would be embraced under subsection (1) of section 711.1, thus rendering subsection (2) redundant.

We conclude the presence of subsection (2) was designed to permit conviction based on a threat of immediate serious injury under circumstances in which the elements of an assault are missing. We believe that was the situation in the present case. The district court did not err in overruling defendant's motion for a directed verdict. The evidence presented was sufficient to generate a jury issue concerning defendant's guilt.

## II. *Validity of Identification Procedures.*

Defendant also argues, in support of a reversal, that the district court erred in admitting identification testimony that was prompted by the State's use of impermissibly suggestive identification procedures. In considering claims of this type, we employ a two-part analysis. First, we must decide whether the identification procedure was in fact impermissibly suggestive. *State v. Newman*, 326 N.W.2d 788, 794 (Iowa 1982). Second, if we find that the procedure was impermissibly suggestive, then we must determine whether, under the totality of the circumstances, an identification adhered to by the witness at the time of trial is irreparably tainted. *Id.* In the present case, we need go no further than the first step because we find no evidence that impermissibly suggestive procedures were employed.

Defendant makes three specific objections to the identification procedures that were employed in the present case. First, he contends that the pharmacist was assisted by his daughter in identifying defendant from a photographic array. The record reflects that the daughter was present at the time of the attempted robbery. Our review of the record suggests that, although the daughter was also present at the time her father viewed the array, she did not assist him in defendant's identification prior to her father's selection of a particular photo.

Second, defendant urges that the pharmacist had been informed that someone named Birch was the robber prior to viewing the photographic array. Assuming this occurred, it does not taint the

---

1. A person commits an assault when, without justification, the person does any of the following:

   . . . .

   2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled *with the apparent ability to execute the act.*

   Iowa Code § 708.1(2) (emphasis added).

identification. There is absolutely no indication in the record that the name Birch meant anything to the pharmacist prior to or at the time he viewed the photographic array.

Finally, defendant argues that the pharmacist indicated that he may have seen the robbery perpetrator on a prior occasion. We fail to discern why a witness should be precluded from identifying a perpetrator who is not known by name simply because the perpetrator looked familiar to the witness. We believe that the circumstance of familiarity will in most cases tend to strengthen an identification rather than weaken it.

We have considered all arguments presented and find no basis for overturning defendant's conviction. The judgment of the district court is affirmed.

AFFIRMED.