608 So.2d 148 (1992)
STATE of Louisiana
v.
Ronald FORTUNE.
No. 90-KH-1472.
Supreme Court of Louisiana.
October 23, 1992.
Ronald Fortune, pro se.
Darryl A. Derbigny, Patricia R. Fox, for defendant-applicant.
Richard Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Jack Peebles, Elizabeth M. Revere, Asst. Dist. Attys., for plaintiff-respondent.
PER CURIAM:
The relator was charged by bill of information with first degree robbery in violation of La.R.S. 14:64.1. After trial by jury, he was found guilty as charged. The trial court sentenced him to thirteen (13) years' imprisonment at hard labor as a second offender under La.R.S. 15:529.1. On appeal, the Fourth Circuit affirmed relator's conviction but vacated his multiple offender sentence and remanded the case for resentencing. State v. Fortune, 548 So.2d 969 (La.App. 4th Cir.1989). We granted certiorari to review relator's application for post-conviction relief. See State v. Jacobs, 504 So.2d 817, 818, n. 1 (La.1987). After review of the record, we conclude that the state failed to introduce sufficient evidence to support the jury's verdict that the victim in this case "reasonably believe[d] [relator was] armed with a dangerous weapon," La.R.S. 14:64.1(A), and reverse accordingly.
On the afternoon of March 6, 1986, relator approached Dodie Hall and her friend Darlene Mansion as they walked home from school on Esplanade Avenue in New *149 Orleans. Relator came up behind them, walked to the corner of the block, and then turned around. Both women knew relator from the St. Bernard Housing Project, although not by name. He waited until the two women approached the corner and met them with one hand under his shirt. Relator informed Hall that he had a gun and demanded her jewelry. Hall replied "No," and stepped back. Relator lunged at her, taking her earrings and removing a gold medallion from around her neck. He then fled down Esplanade with Hall and Mansion chasing behind him. The women lost relator when he turned onto a side street and they stopped to call the police. Relator's arrest followed after Hall obtained his name from Darlene Mansion's sister and identified his picture in a photographic lineup conducted approximately two weeks after the offense.
Darlene Mansion remained at Hall's side during the offense. Because both women knew relator, Mansion assumed that "he was playing with [Hall] or something, he went to grab on her, you know, give me what you got I got a gun." According to Mansion, relator had one hand underneath his shirt and the other "on our chest."
La.R.S. 14:64.1(A) provides that first degree robbery "is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon." The statute has objective and subjective components. It requires the state to prove that the offender induced a subjective belief in the victim that he was armed with a dangerous weapon, and that the victim's belief was objectively reasonable under the circumstances. The statute thus excludes unreasonable panic reactions by the victim but otherwise allows the victim's subjective beliefs to determine whether the offender has committed first degree robbery or the lesser offense of simple robbery in violation of La.R.S. 14:65. Cf. State v. Byrd, 385 So.2d 248 (La.1980). To this extent, La.R.S. 14:64.1 differs from other robbery statutes in which the threat of force alone constitutes a violation of the statute despite its failure to place an atypical victim in actual fear. See Commonwealth v. Mays, 248 Pa.Super. 318, 375 A.2d 116 (1977); State v. Birch, 479 N.W.2d 284 (Iowa 1991).
Direct testimony by the victim that he believed the defendant was armed, or circumstantial inferences arising from the victim's immediate surrender of his personal possessions in response to the defendant's threats, may support a conviction for first degree robbery. State v. Hill, 475 So.2d 1123 (La.App. 4th Cir.1985), writ denied, 478 So.2d 904 (La.1985); State v. Augustine, 545 So.2d 1203 (La.App. 4th Cir. 1989); See Annot., 81 A.L.R.3d 1006, § 8, pp. 1035-1043. In this case, however, the victim replied "No" when the relator demanded her jewelry and stepped back, forcing him to lunge forward to take her earrings and medallion. Hall and Mansion then pursued the supposedly armed and fleeing relator until they lost him after he turned the corner of a side street. The state did not ask Dodie Hall whether she believed that the defendant had been armed, and the only other witness on the scene, who stood next to Hall as the offense occurred and who shared her acquaintanceship with the relator, treated the encounter as a joke even as relator grabbed for her girlfriend's jewelry.
The state's case invited jurors to speculate on whether Dodie Hall's subjective assessment of the dangers arising out of her encounter with the relator differed from that of her companion's, although her objective reactions appeared entirely consistent with Mansion's belief that relator was just kidding. On this record, however, we think that any rational trier-of-fact, even viewing the evidence in a light most favorable to the prosecution, would necessarily entertain a reasonable doubt as to whether the relator, in the brief moment before he snatched Hall's jewelry, had induced a subjective belief in the victim that he was armed with a gun underneath his shirt. Cf. State v. Lubrano, 563 So.2d 847 (La. *150 1990); State v. Mussall, 523 So.2d 1305 (La.1988).
A rational factfinder would have no difficulty in concluding, however, that the relator had committed the lesser and included offense of simple robbery by using intimidation to secure the victim's jewelry. La.C.Cr.P. art. 814A(23.1). "It is the increased risk of danger to human life caused when a theft is attempted in the face of the victim's opposition," this Court observed in State v. Johnson, 411 So.2d 439, 441 (La.1982), "that caused the legislature to differentiate between robbery and mere theft." Relator may simply have startled Dodie Hall with his unexpected conduct, but his hand on her chest and his lunge forward when she stepped back in opposition to his demand constituted sufficient intimidation to render his taking of her jewelry a robbery and not merely theft. See State v. Bourgeois, 573 So.2d 1170 (La.App. 5th Cir.1991).
Accordingly, we reverse the relator's conviction for first degree robbery, enter a judgment of conviction of simple robbery, and remand this case to the district court for resentencing.
CONVICTION VACATED; JUDGMENT OF GUILTY OF SIMPLE ROBBERY ENTERED; CASE REMANDED FOR RESENTENCING.