1BARRY, Judge.
Michael Ricks was convicted on two counts of first degree robbery and sentenced to thirty years on each count without benefit of parole, probation or suspension of sentence, the sentences to run concurrently. Vincent Lang was convicted on two counts of simple robbery and sentenced to seven years at hard labor on each count without benefit of parole, probation or suspension of sentence, the sentences to run concurrently. The State filed a multiple bill of information as to Lang. Ricks filed a motion for post judgment acquittal or alternatively new trial, which was denied. Ricks filed a motion to reconsider the sentence on April 16, 1993. The trial court granted the motion, vacated the earlier sentences and sentenced Ricks to ten years at hard labor without benefit of parole, probation or suspension of sentence on each count.[1] Both defendants appeal.[2]

*1241
jzFACTS

Patrick Watts and Mark McCarthy, on their way to visit some local bars, parked their car near the intersection of St. Peter and Burgundy Streets in the French Quarter. The defendants were standing nearby and alerted Watts and McCarthy that they had parked over a restricted parking line. McCarthy moved the car and the four men spoke briefly. Watts and McCarthy went to two bars over the next five to six hours. When they returned to their car at approximately 3:00 a.m. they saw the defendants near McCarthy’s car. Lang asked Watts for chewing tobacco and Watts complied. The defendants invited Watts and McCarthy to pay for prostitutes or cocaine or LSD which they declined. The defendants became agitated and in an attempt to appease them Watts said he would return to purchase something.
Ricks went across the street, and returned with his hand in his pocket and told Watts and McCarthy that he had a gun. He turned to McCarthy and said, “Give me your wallet or I’m going to f( — ) you up.” Lang said, “Yeah, don’t do anything or try something.” McCarthy handed Ricks his wallet, a class ring and a watch. Ricks took the cash and returned the wallet. Watts took cash from his pocket and either handed it to the defendants or dropped it. Watts was uncertain whether a watch was in his pocket.
A police car driven by Sergeant John Du-zac passed. McCarthy ran into the street, pounded on the car and yelled, “Help, we’re being robbed.” McCarthy told Sergeant Duzac that one of the perpetrators had a gun. The defendants fled.
Ricks was apprehended later that day and booked by Officer Theodore Rreger, Jr. The ring was recovered by Officer Rreger at central lock-up and identified by McCarthy at trial. Ten days after the robbery McCarthy saw Lang near the location of the robbery. McCarthy elicited the help of a police officer who arrested Lang. Watts and McCarthy independently identified the defendants from photographic lineups. The defendants stipulated to their identifications.
Sergeant Lionel Reating testified on cross examination that Ricks told him that Watts and McCarthy requested narcotics from him and a man he knew as “Chris.” One gave them a high school ring and cash and the other gave them cash. Ricks saw a man he thought was an undercover officer and fled.
Delma Sanchez testified for the defendants. She said that she did not know either defendant and was standing two feet away at the time of the robbery waiting for a friend to get their car from a parking lot across the street. She stated that Watts and McCarthy asked the defendants for drugs. She testified that McCarthy gave Ricks a ring and Lang gave McCarthy a small yellow package. She claimed that Watts and McCarthy walked a few feet, turned back and demanded the ring because the drugs were not good and a fight ensued. Sanchez’s friend arrived and she got in the car and left.
On rebuttal, the State called Mark Ricks, defendant’s brother, as a witness. Mr. Ricks was asked if, during a court recess, he indicated to someone on the telephone that “the woman that Mike knew [apparently, Sanchez] just testified.” Mr. Ricks denied the statement. No objection was made.

ERRORS PATENT

A review of the record reveals no errors patent as to either defendant.
uLang’s counsel requested a review of the record for errors patent and filed a motion to withdraw because he believes, after a conscientious review of the record that there are no non-frivolous issues for appeal. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history and facts of the case indicate a thorough review of the record. Counsel reviewed all available transcripts and found no rulings which arguably support the appeal. A copy of the brief was forwarded to Lang and this Court informed Lang that he had the right to file a brief on his own behalf.
*1242 This Court has performed an independent, thorough review of all the pleadings, all minute entries, the bill of information and all transcripts contained in the appeal record. Lang was properly charged by bill of information on two counts of violation of LSA-R.S. 14:64.1 and the bill was signed by an assistant district attorney. Lang was present and represented by counsel at arraignment, all hearings, trial and sentencing. The sentence of seven years at hard labor without benefit of parole, probation or suspension of sentence on each count with the sentences to run concurrent is legal. The State proved every element of simple robbery beyond a reasonable doubt. An independent review of all transcripts reveals no non-frivolous issues and no ruling which arguably supports the appeal. Appellate counsel’s motion to withdraw is granted.

jzflOMMENT ON WITNESS’ CREDIBILITY

Lang filed a supplemental brief arguing that the prosecutor committed reversible error during closing argument by improperly vouching for the state’s witnesses. The prosecutor stated: “My witnesses, my victims and my police officers are here because they told the truth at the time and they became witnesses and victims because they told the right people.” Lang argues this was an allusion to facts outside the record.
The defense did not object to the statement and the objection is waived under LSA-C.Cr.P. art. 841. The defense did not move for a mistrial or request an admonition under LSA-C.Cr.P. arts. 771 and 774. The issue of propriety of remarks made during closing argument is not preserved when no objection is made. State v. Daniels, 628 So.2d 63, 69 (La.App. 1st Cir.1993); State v. Craddock, 435 So.2d 1110, 1121 (La.App. 1st Cir.1983).
In a second supplemental pro se brief, Lang argues that his counsel was ineffective for failing to object to the prosecutor’s remark. This argument has no merit.
To substantiate a claim of ineffective assistance of counsel, a defendant must show that counsel’s performance was deficient and that deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The prosecutor did not refer to or suggest that his remark was based on evidence outside of the record and the remark was permissible under LSA-C.Cr.P. art. 774. See State v. Procell, 365 So.2d 484, 489 (La.1978), cert. den. 441 U.S. 944, 99 S.Ct. 2164, 60 L.Ed.2d 1046 (1979). Although it is improper for a prosecutor to comment on his personal belief in the defendant’s guilt, comment on the credibility of witnesses is proper and I (swithin the scope of closing argument. State v. Martin, 539 So.2d 1235, 1240 (La.1989); State v. Jackson, 568 So.2d 599, 602 (La.App. 4th Cir.1990). Therefore, defense counsel was not deficient in failing to object to the prosecutor’s remarks.

CLOSING ARGUMENT

Ricks contends that during rebuttal and closing argument the trial court improperly allowed a statement by Ricks which was made in a phone conversation but was not admitted at trial. The defendant does not specify the statement, but apparently refers to the State’s questioning of defendant’s brother, Mark Ricks. Defendant does not brief this assignment or cite any authority and this Court considers the assignment abandoned. Rule 2-12.4, Uniform Rules, Courts of Appeal. Also, no objection was made during rebuttal or closing argument and Ricks cannot raise that issue for the first time on appeal. LSA-C.Cr.P. art. 841. This assignment is without merit.

SUFFICIENCY OF THE EVIDENCE

Ricks asserts the trial court erred by denying his motion for post judgment verdict of acquittal based on insufficiency of the evidence. Specifically, he contends the record does not support a finding that Watts and McCarthy had a reasonable belief that he was armed with a dangerous weapon, citing State v. Fortune, 608 So.2d 148 (La.1992). This assignment has no merit.
IvLSA-R.S. 14:64.1 provides that first degree robbery “is the taking of anything of value belonging to another from the person of another, or that is in the immediate con *1243 trol of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.”
The state must prove that the offender induced a subjective belief that he was armed with a dangerous weapon and the victim’s belief was objectively reasonable under the circumstances. State v. Fortune, supra at 149. Direct testimony by the victim that he believed the defendant was armed, or circumstantial inferences arising from the victim’s immediate surrender of his personal possessions in response to the defendant’s threats may support a conviction for first degree robbery. Id.
Ricks told Watts and McCarthy that he had a gun. McCarthy testified that Ricks grabbed his arm and pushed him against a wall and McCarthy felt what he thought was a gun. Both defendants immediately surrendered their possessions in response to defendants’ threats. McCarthy told Sergeant Du-zac that one of the perpetrators had a gun.
Viewing the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could easily have found Ricks guilty of first degree robbery beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Hill, 475 So.2d 1123 (La.App. 4th Cir.1985), writ den. 478 So.2d 904 (La.1985).
The convictions and sentences of Lang and Ricks are affirmed.

AFFIRMED.

. Although the minute entry and docket master do not reflect Ricks was sentenced on both counts, a judgment signed by the judge shows he was re-sentenced on both counts.

. Ricks listed eight assignments of error but abandoned assignments one, two, three, four, seven and eight.