| iBARRY, Judge.
The defendant was convicted of first degree robbery of Frank Pennibacker and was sentenced to forty years imprisonment without benefit of probation, parole or suspension of sentence. He claims the evidence was insufficient to convict and the sentence is excessive. We affirm.

Facts

On November 3, 1991, 71 year old Frank Pennibacker walked near the outside front steps of his apartment. Pennibacker testified that the defendant walked by, stopped fifteen to twenty feet away and said “Come out here or I’ll shoot you.” Pennibacker said the defendant pulled on his coat as though he was armed, so Pennibacker complied because he believed the defendant had a gun. He *474 stated the defendant demanded that Penni-backer relinquish his wallet. Pennibacker then hit the defendant’s hand under the coat to knock away the gun, grabbed the hand and realized the defendant did not have a weapon. Pennibacker said the two wrestled and the defendant took | gPennibacker’s wallet from his pocket. Pennibacker required stitches and the defendant injured his ankle.

Sufficiency of the Evidence

The defendant contends the evidence only supports a conviction for simple robbery, not first degree robbery, because before the defendant took the wallet Pennibacker realized the defendant was not armed. This argument has no merit.
First degree robbery is
[T]he taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.
LSA-R.S. 14:64.1(A).
The statute requires proof that the offender induced a subjective belief in the victim that he was armed with a dangerous weapon and that the victim’s belief was objectively reasonable under the circumstances. State v. Fortune, 608 So.2d 148, 149 (La.1992).
In Fortune, the Supreme Court reversed a conviction for first degree robbery and entered a conviction for simple robbery because the state failed to prove the defendant induced a subjective belief that he was armed with a dangerous weapon. The defendant in Fortune told the victim that he had a gun and demanded her jewelry, but the victim refused to comply. There was no testimony that the victim believed the defendant was armed and the victim’s friend thought the robbery was a joke.
This case is clearly distinguishable because Pennibacker believed the defendant had a gun, and he had that belief during the course of the robbery.
lain State v. Meyers, 620 So.2d 1160 (La. 1993), the Supreme Court reinstated a conviction for first degree robbery when the defendant took money from an unmanned cash register then used intimidation to escape after the store clerk arrivéd. The issue was whether the use of force after he took the money from the register satisfied the “force or intimidation” element of robbery. The court noted that the Model Penal Code focuses on whether the force or intimidation is part of the entire act and concluded:
that the force or intimidation element of robbery is satisfied by evidence that force or intimidation directly related to the taking occurred in the course of completing the crime.
Id. at 1163.
Although Meyers involved force or intimidation after the taking, the Supreme Court’s reasoning is applicable here. Pennibacker complied with the defendant’s demand to approach him based on the belief that the defendant was armed. Pennibacker struck the defendant’s hand to knock away the gun and within moments realized the defendant was not armed. A struggle ensued and the defendant took Pennibacker’s wallet. Penni-backer’s belief that the defendant was armed was directly related to the taking and was integral to completion of the crime. A rational trier of fact could have concluded beyond a reasonable doubt that the taking occurred when the defendant led Pennibacker to reasonably believe he was armed with a dangerous weapon.

Excessive Sentence

The defendant asserts that a forty year sentence is excessive and above the sentence recommended in the Louisiana Sentencing Guidelines.
I/The defendant did not make an oral objection to the sentence or file a written motion for reconsideration of the sentence as mandated by LSA-C.Cr.P. art. 881.1. That issue was not preserved for review.
We reviewed the record for errors patent and there are none.
AFFIRMED.