# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1068

STATE OF LOUISIANA

VERSUS

CHAD PAUL BOYANCE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 95822
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Glenn B. Gremillion, Judges.

AFFIRMED.

Michael Harson
District Attorney
Keith A. Stutes
Assistant District Attorney
Post Office Box 3306
Lafayette, LA   70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

G. Paul Marx
Post Office Box 82389
Lafayette, LA   70598-2389
(337) 237-2537
COUNSEL FOR DEFENDANT/APPELLANT:
    Chad Paul Boyance

Chad Paul Boyance
Louisiana State Penitentiary
Angola, LA   70712

AMY, Judge.

The defendant was charged by bill of information with two counts of armed robbery, one count of unauthorized use of a motor vehicle, one count of aggravated flight from an officer, and one count of possession of cocaine. Following a jury trial, he was found guilty of one count of armed robbery, one count of first degree robbery, one count of unauthorized use of a motor vehicle, one count of aggravated flight from an officer, and one count of possession of cocaine. The trial court denied the defendant's motion for post verdict judgment of acquittal and imposed sentence. The defendant filed a motion to reconsider the sentences, which the trial court also denied. The defendant appeals, arguing that there was insufficient evidence to sustain his convictions for armed robbery and first degree robbery and that his sentence for armed robbery is excessive. For the following reasons, we affirm.

**Factual and Procedural Background**

The record indicates that on June 22, 2002, Jennifer Tovar was working at Cheap-O-Depot in Lafayette, Louisiana, when a black male with a T-shirt covering his face entered the store. The man, who was armed with a knife, ordered Ms. Tovar to open the cash register, which she did. According to Ms. Tovar, after he grabbed the money from the cash register, the man told her to get on the floor. She testified that as she complied, she pressed the silent alarm. Once the man left, Ms. Tovar stood up and watched him ride away on a bicycle.

The police arrived shortly thereafter, and Ms. Tovar alerted them to the surveillance camera in the store. Ms. Tovar testified that she watched the surveillance tape with the police. She further testified that while watching the news a few days later, she saw the tape of the robbery as well as a picture of the suspect. According to Ms. Tovar, the man who robbed her was the defendant.

The record reveals that on June 25, 2002, Cynthia Guidry was working at Cracker Barrel, a convenience store also located in Lafayette, Louisiana, when a black male with a towel covering his face entered the store. According to Ms. Guidry, the man had a knife in his hand and demanded money from the cash register and safe. Ms. Guidry testified that after he grabbed the money, the man ordered her into an office. She testified that once she heard him leave, she came out of the office and called the police. Ms. Guidry told the police of the surveillance camera in the store.

One of the officers who responded to the call, Luranie Richard, testified that she recognized the suspect after watching the surveillance tape. According to Sergeant Richard, she spoke with the suspect the day before and he was wearing the same clothes that he wore during the robbery. She testified that she disclosed the suspect's identity to Bryan Racca, the detective assigned to the case. Detective Racca testified that based on the information given to him by Sergeant Richard, he prepared a photographic lineup with the defendant's picture and presented it to Ms. Guidry. Detective Racca testified that Ms. Guidry identified the defendant as the man who robbed her. Detective Racca then obtained a warrant for the defendant's arrest. According to Detective Racca, because the defendant could not be located, he asked the media to air the surveillance tape of the Cheap-O-Depot robbery along with the defendant's picture on a crimestopper's newscast.

The record indicates that the defendant was apprehended on June 26, 2002. On that day, Allen Randle entered a convenience store and left his vehicle running with the keys in the ignition. While he was in the store, someone walked outside, entered his vehicle, and drove away. Mr. Randle testified that he called 911 to report the theft

2

of his vehicle. He provided the police with a description of the vehicle and its license plate number.

Corporal Toby Delahoussaye testified that he was on the lookout for the stolen vehicle. He stated that an officer had spotted a vehicle matching the description and license plate number of the stolen vehicle. Corporal Delahoussaye and two other police cars followed the vehicle and activated their lights and sirens to try to bring it to a stop. Corporal Delahoussaye testified that the driver did not respond to the lights and sirens. He further testified that the driver did not stop for red lights or stop signs and crossed the center line into oncoming traffic to pass vehicles. According to Corporal Delahoussaye, the driver hit a bridge embankment, hit another vehicle, fishtailed, and ended up in a ditch.[1]

Corporal Delahoussaye testified that the driver "climbed out of the rear passenger window of the vehicle and started running . . . . We chased after him and were able to apprehend him behind a residence on that property." The driver, who was identified as Chad Paul Boyance, was arrested and taken to the Lafayette Police Department for processing. While there, he was found to be in possession of crack cocaine.

The defendant was charged with two counts of armed robbery in violation of La.R.S. 14:64, unauthorized use of a motor vehicle in violation of La.R.S. 14:68.4, aggravated flight from an officer in violation of La.R.S. 14:108.1(C), and possession of a Scheduled II controlled dangerous substance, crack cocaine, in violation of La.R.S. 40:967(C). A jury found him guilty of four of the five counts and guilty of the responsive verdict of first degree robbery on one of the counts of armed robbery,

---

[1] Corporal Delahoussaye estimated that the officers chased the driver of the stolen vehicle for approximately twenty-two miles before it came to a stop.

a violation of La.R.S. 14:64.1. The defendant was sentenced to fifty years at hard labor for armed robbery, twenty-five years at hard labor for first degree robbery, five years at hard labor for unauthorized use of a motor vehicle, two years at hard labor for aggravated flight from an officer, and five years at hard labor for possession of a dangerous controlled substance. The sentences were ordered to be served concurrently. The defendant filed a motion to reconsider his sentences, which the trial court denied.

The defendant now appeals, arguing that the evidence was insufficient to convict him of armed robbery and first degree robbery and that his sentence for armed robbery is excessive.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent. The trial court proceeded with the sentencing hearing and the imposition of sentence immediately after it denied the defendant's motion for post verdict judgment of acquittal. Louisiana Code of Criminal Procedure Article 873 requires a twenty-four hour delay between the denial of a motion for new trial or a motion in arrest of judgment and the imposition of sentence. We note that the defendant assigned the excessiveness of his sentence as an error but did not brief it. Consequently, this assignment is considered abandoned pursuant to Uniform Rules, Court of Appeal, Rule 2-12.4. "Since Defendant has not alleged any prejudice by the trial court's failure to delay sentencing and has not challenged his sentence on appeal, we find this

4

error to be harmless." *State v. Shepherd*, 02-1006, p. 8 (La.App. 3 Cir. 3/5/03), 839 So.2d 1103, 1109.

*Excessive Sentence*

As stated above, the defendant has not briefed this assignment, therefore, it is deemed abandoned pursuant to Uniform Rules, Court of Appeal, Rule 2-12.4. Accordingly, we limit our analysis only to the argument offered by the defendant in brief.

*Witness Identifications*

The defendant argues that his convictions are based on insufficient evidence, particularly the witnesses' identification of him as the person who committed the robberies. He particularly questions Ms. Tovar's identification because she allegedly told her son that "the police identified" the robber. The defendant contends that she had been influenced and did not make an independent verification. Citing *State v. Armstrong*, 95-1665 (La.App. 3 Cir. 10/11/96), 683 So.2d 1261, *writ denied*, 97-0596 (La. 9/5/97), 700 So.2d 505, the defendant asserts that this court must determine whether there was a suggestive identification and if it presented a substantial likelihood of misidentification.

"A defendant who does not file a motion to suppress an identification, and who fails to contemporaneously object to the admission of the identification testimony at trial, fails to preserve the issue of its admissibility as an error on appeal." *State v. Johnson*, 95-711, pp. 3-4 (La.App. 3 Cir. 12/6/95), 664 So.2d 766, 769, *writ denied*, 96-0082 (La. 3/29/96), 670 So.2d 1236. *See also* La.Code Crim.P. arts. 703(F) and 841(A). The record reveals that the defendant did not file a pre-trial motion to suppress the witnesses' identifications or object to its admissibility at trial.

Consequently, as the defendant failed to preserve this issue, we do not review it on appeal.

*Sufficiency of Evidence - Armed Robbery*

The defendant argues that there was no evidence that a weapon was used in the robbery of the Cheap-O-Depot. In the alternative, he argues that if an object was used, "[n]either victim indicated that the object was actually brandished or used to intimidate them into giving up money from their register." Thus, he contends, the evidence was insufficient to find him guilty of armed robbery.

Louisiana Revised Statutes 14:64(A) provides in pertinent part:

> Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

In *State v. Touchet*, 04-1027, pp. 1-2 (La.App. 3 Cir. 3/9/05), 897 So.2d 900, 902, this court stated:

> With regard to sufficiency of the evidence, this court set forth as follows in *State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27:
>
> > When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See King*, 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

6

In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. In order for this court to affirm a conviction, the record must reflect that the State has satisfied this burden of proving the elements of the crime beyond a reasonable doubt. *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367.

Ms. Tovar testified that the defendant had a knife in his hand when he came around the counter and ordered her to open the cash register. Ms. Tovar admitted that the defendant did not brandish the knife at her or threaten her if she did not give him the money. Ms. Tovar was asked if she was more threatened by the knife or by the fact that somebody was physically there where they should not have been. She explained that "[i]t was the whole thing. Just him being there, having something in his hand, not knowing what he was going to do with it. Never been in that situation. I was really scared."

Although the defendant did not brandish or threaten Ms. Tovar with the knife, her testimony indicated that she was frightened by the mere presence of the knife. Ms. Tovar testified that she was within a few feet of the defendant and when she opened the register, the defendant was right behind her. "When [the] defendant creates an atmosphere of intimidation prompting the victim to reasonably react with fear for his life, an armed robbery conviction is justified." *State v. Cotton*, 94-384, p. 3 (La.App. 5 Cir. 11/16/94), 646 So.2d 1144, 1146. Given Ms. Tovar's testimony and the surveillance videotape which was entered into evidence, the jury was free to conclude that the defendant was armed with a dangerous weapon and that the defendant created an atmosphere of intimidation. In short, we find that in viewing the evidence most favorable to the prosecution, the record supports the determination that the essential elements of armed robbery were proven beyond a reasonable doubt.

This assignment is without merit.

*Sufficiency of the Evidence - First Degree Robbery*

The defendant argues that the evidence did not support his conviction for first degree robbery. In particular, the defendant points out that Ms. Guidry did not mention that he had a weapon in her police statement but testified as to one at trial. He asserts that Ms. Guidry did not testify that the object or weapon was brandished or used to intimidate her into giving him the money.

Louisiana Revised Statutes 14:64.1(A) provides that:

> First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.

In *State v. Fortune*, 608 So.2d 148, 149 (La.1992), the Louisiana Supreme Court held that La.R.S. 14:64.1(A) "has both objective and subjective components. It requires the state to prove that the offender induced a subjective belief in the victim that he was armed with a dangerous weapon, and that the victim's belief was objectively reasonable under the circumstances." A conviction for first degree robbery may be supported by direct testimony from the victim that he believed the defendant was armed. *Id.*

Ms. Guidry testified that she was intimidated by the presence of the defendant, and she was fearful of being harmed. While the object the defendant held in his hand was not clearly discernible, Ms. Guidry perceived it to be a weapon that could harm her. In *State v. Page*, 02-689, p. 16 (La.App. 5 Cir. 1/28/03), 837 So.2d 165, 176, *writ denied*, 03-0591 (La. 11/7/03), 857 So.2d 517, the court held that "[n]o weapon need ever be seen by the victim, or witnesses, or recovered by the police for the trier of fact to be justified in finding that defendant was armed with a dangerous weapon." While the jury did not find sufficient evidence of an armed robbery, there was

sufficient evidence for the jury to find the element of intimidation with what Ms. Guidry reasonably believed was a dangerous weapon, and the jury correctly found the defendant guilty of the responsive verdict of first degree robbery.

After reviewing the surveillance tape and examining Ms. Guidry's testimony, we find that the record supports the jury's determination that Ms. Guidry's belief that the defendant was armed with a dangerous weapon was reasonable under the circumstances. Accordingly, we find that the State presented sufficient evidence to establish the elements of first degree armed robbery.

This assignment lacks merit.

## DECREE

For the foregoing reasons, the defendant's convictions and sentences are affirmed.

**AFFIRMED.**