577 So.2d 764 (1991)
STATE of Louisiana, Appellee,
v.
Frank Lee McCALL, Jr. a/k/a Cedric T. McCall, Appellant.
No. 22346-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
*765 Indigent Defender Office by Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Rebecca Irwin-Bush and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before MARVIN, C.J., and SEXTON and BROWN, JJ.
MARVIN, Chief Judge.
After being convicted by a jury of simple robbery, Frank Lee McCall unsuccessfully sought to modify the verdict under CCrP Art. 821 C to "attempted felony theft."
In this appeal of his conviction, he contends, as he did below, that he was proved guilty only of "attempted felony theft" because the evidence did not prove one element of robbery, that he used force or intimidation when he grabbed $140 from a grocery store cash register after asking the cashier for change for a dollar.
After his adjudication as a fourth felony offender, McCall was sentenced to 20 years at hard labor. Three of his assignments that complain of his habitual offender adjudication and of his sentence were not briefed or argued and are deemed abandoned. State v. Jackson, 454 So.2d 1220 (La.App. 2d Cir.1984), writ denied, 461 So.2d 312. His remaining assignment simply questions whether the evidence proves every element of the crime of simple robbery.
We find the evidence sufficient and affirm. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

FACTS
McCall entered a Kroger grocery store in Shreveport about 1:00 a.m. April 19, 1989. The cashier, who was alone in the front area, was walking from her cash register toward the delicatessen area to take a break. Seeing McCall, she asked if she could help him. He said he wanted change for a dollar. As she returned to her register she became suspicious when McCall followed her behind the counter instead of remaining on the customer side. She intentionally opened the cash drawer only part of the way and made only the change compartment of the drawer visible and accessible. McCall forcibly jerked the drawer fully open, grabbed the bills in the $20 bill compartment ($140) and ran toward the door. The cashier screamed.
Other employees immediately responded to the cashier's screams by blocking McCall's escape, holding and preventing him from leaving the store. McCall struggled with these employees, biting one of them on the hand. McCall was finally restrained by three store employees and a customer who aided them. McCall was held until the police arrived.
The 25-year-old cashier and McCall separately stood before the jury to show their physical size. McCall did not testify. According to documents introduced at the habitual offender hearing, McCall was 34 *766 years old, six feet tall, and weighed about 165 pounds. The cashier was 5'6" and weighed 110 pounds.
McCall's "jerking" the cash drawer fully open caused some of the change in the drawer to fall on the floor, according to the cashier. She said she moved out of his way, explaining to the jury, "I was scared... I knew he wanted money ... I wasn't going to try to stop him from taking it."
A worker for the service company that mechanically swept the parking lot was operating the sweeper before and during the incident. He saw a woman driver and McCall in a car which she stopped in the driving area between Kroger and an adjoining store instead of in one of the vacant parking spaces near the Kroger entrance. Shortly thereafter and when this worker turned and drove his sweeper toward the front of the store, he saw the cashier "jumping up and down ... shaking her hands ... she looked scared and excited at the same time."
The store employees who restrained McCall did not see him take the money from the cash register. Although one employee said the cashier "didn't really seem to be upset" after she screamed for help, he explained that his attention was focused on apprehending McCall.

SUFFICIENCY OF EVIDENCE
LRS 14:65 defines simple robbery as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon." McCall contends here, as he did in his closing argument to the jury and in his motion to modify the verdict, that the state did not prove the "force or intimidation" element of the offense. We do not agree.
McCall's motion for modification was founded on CCrP Art. 821 C:
If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
Modification under Art. 821 is limited to "legislatively authorized responsive verdicts" under Art. 814. State v. Jones, 426 So.2d 1323, 1327 (La.1983).
The responsive verdicts to the charge of simple robbery are guilty; guilty of attempted simple robbery; and not guilty. Art. 814 A(24). "Attempted felony theft" is not a listed responsive verdict and, in our opinion, is not a legislatively-authorized lesser included responsive offense under Art. 821. Even should we assume the contrary for the sake of argument, we agree with trial court that the simple robbery conviction, in any event, is supported by sufficient evidence, according to our review under the Jackson v. Virginia standard.
McCall asked the cashier for change when she was alone in the front area of the store. He went behind the checkout counter instead of remaining on the customer side of the counter. His conduct intimidated her and caused her not to "tempt" McCall by fully opening the cash drawer and revealing the bills. She said, "I was scared ... I knew he wanted money ..." She testified that McCall "jerked" the drawer fully open to reach the $20 bills, which were the bills farthest away from his reach. She explained that McCall "snatched [the drawer] so hard ... some of the change fell on the floor."
A store employee who was stocking shelves "heard the drawer ... jerk real loud, and I knew [the cashier] wouldn't be jerking the cash register drawer out that fast." The worker cleaning the parking lot saw the cashier's reaction to the robbery. He said she jumped up and down, shook her hands, and looked "scared and excited." The jury observed the 50-pound weight and six-inch height advantage McCall had over the female cashier. McCall's conduct scared the cashier and made her scream.
When viewed in the light that most favorably supports the verdict, the totality of the evidence proves beyond a reasonable *767 doubt that McCall used either or both force and intimidation to take the money from the cashier's control, notwithstanding that he did not physically strike or shove her and did not verbally threaten her. See and compare State v. Jackson, supra, and State v. Green, 558 So.2d 1263 (La.App. 1st Cir.1990), writ denied, 564 So.2d 317.

DECREE
McCall's conviction is AFFIRMED.