LOBRANO, Judge.
Defendant, Carmen Williams, was charged by bill of information with simple robbery, a violation of Louisiana Revised Statute 14:65.
At her arraignment defendant pled not guilty. Defendant was tried by jury on September 5, 1990 and was found guilty as charged. The trial judge sentenced defendant to seven (7) years at hard labor. On November 13, 1990, defendant pled guilty to a multiple bill of information. The trial court vacated defendant’s original sentence and re-sentenced defendant to twelve (12) years at hard labor.
FACTS:
On August 8, 1989, at approximately 1:00 a.m., Dr. Richard Beach, a college professor from Pennsylvania, left Pat O’Brien’s Bar in the French Quarter. Dr. Beach was enroute to meet friends at another French Quarter bar. As he walked down Toulouse Street, defendant and another woman approached him and grabbed his crotch. As Dr. Beach bent forward, the two women pushed him against a building, took his wallet and fled. Dr. Beach chased defendant who had his wallet but lost sight of her as she ran around a corner. Meanwhile, a taxi driver had witnessed the robbery and had broadcast a description of defendant over his radio. Pursuant to this information, another taxi driver flagged down Sergeant Andrew Bourg and Detective Rudolph Fascio, told them a robbery had just occurred, gave them the perpetrator’s description and pointed out the direction in which she was last seen.
Bourg and Fascio spotted defendant, who fit the description, walking very fast in a northerly direction and pursued her in their police car. Within minutes, Bourg and Fascio were stopped by another taxi driver, Frank Varona. Varona told them that after receiving the broadcast of the robbery over his radio, he spotted defendant who fit the description of the perpetrator. He stopped her to detain her for the police. When she reached into her back pocket, he pushed her against the taxi. She then threw a wad of money into the air and ran off turning onto Rampart Street.
Having received this information, Bourg and Fascio resumed their chase. Several blocks away, they were stopped by yet another taxi driver who shouted, “she’s over here” pointing toward the intersection of St. Philip and Rampart Streets. Bourg and Fascio then spotted defendant attempting to hide between two parked cars. Defendant was apprehended. Within minutes following defendant’s apprehension, as Dr. Beach was reporting the robbery to two mounted police officers on Bourbon Street, a taxi driver pulled up. He informed the officers that he had witnessed the robbery, had broadcast defendant’s description over his radio and that defendant had been apprehended. The taxi driver then drove Dr. Beach to the location where defendant was apprehended. Defendant was seated inside Bourg and Fascio’s police car. Dr. Beach positively identified defendant as one of the two women who robbed him.
At trial, Dr. Beach, Officer Bourg, Detective Fascio and Frank Varona all testified defendant was the woman they had seen or chased the night of the robbery.
Defendant appeals her conviction and sentence asserting the following assignments of error:
1) The trial court erred in overruling the defense objections to hearsay testimony;
2) The state failed to present sufficient evidence as to an essential element of the charged offense;
3) The trial court erred in giving an improper and unconstitutional jury instruction as to reasonable doubt.
ASSIGNMENT OF ERROR 1:
Defendant asserts the trial court erred by allowing inadmissible hearsay testimony into evidence. The trial court overruled defense objections to the following testimony by Officer Bourg:
“Q. What did the cab driver relate to you, officer?
*406 A. He informed me that a robbery had just occurred in the 700 block of Toulouse and the perpetrator was at St. Peter and Dauphine.
******
Q. And what description was related to you, officer?
A. A black female subject with a red bandana-type hat on her head, a white T-shirt and dark pants.
******
Q. What did you do after you received the information, officer?
A. ... We decided to go straight down St. Peter to Burgundy which is one way going towards Esplanade. As we turned onto Burgundy, we approached the intersection of Orleans and Burgundy. There was a United cab driver [Frank Varona] standing outside his cab hailing us down. I immediately got out of the car. He said, ...
******
A. This black woman threw this money at me and she’s running down the street.”
In overruling defense counsel’s objections, the trial court consistently ruled that this testimony was admissible not to prove the truth of the statements, but to prove the statements were made.
Louisiana Code of Evidence Article 801(C) states:
“ ‘Hearsay’ is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.”
A witness is generally competent to testify that a statement was made to him so long as no attempt is made to vouch for the credibility of its content. State v. Watson, 449 So.2d 1321 (La.1984); cert. den. 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985); State v. Ford, 368 So.2d 1074 (La.1979). It has long been held that a police officer’s testimony may refer to statements made to him by others when these statements are admitted not to prove the truth of the statements but to explain the sequence of events leading to the officer’s arrest of defendant. State v. Watson, supra; State v. Edwards, 406 So.2d 1331 (La.1981), cert. den. 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1981); State v. Smith, 400 So.2d 587 (La.1981); State v. Calloway, 324 So.2d 801 (La.1976). See also, State v. Wille, 559 So.2d 1321 (La.1990).
In the instant case, the testimony in question was not admitted to prove that defendant committed the robbery. Officer Bourg’s testimony was purely introductory and explanatory as to why, where and how he pursued and subsequently arrested defendant.
Even assuming arguendo that the testimony in question could be construed as inadmissible hearsay, Dr. Beach’s out of court and in-court identification of defendant as his assailant renders any error in this regard harmless. State v. Jones, 535 So.2d 3 (La.App. 4th Cir.1988).
This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Defendant asserts the State failed to prove one of the elements of simple robbery beyond a reasonable doubt — the use of force or intimidation.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987); State v. Fuller, 414 So.2d 306 (La.1982).
Nevertheless, the reviewing court may not disregard its duty to consider whether the evidence is constitutionally sufficient simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a *407 rational trier of fact would do. Mussall, supra. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. Mussall, supra. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, supra.
Defendant was convicted of simple robbery. Simple robbery is:
“A. Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.”
Defendant asserts the State failed to prove that she intended to participate in a robbery instead of a theft in which the use of force or intimidation is not required. We disagree.
Specific intent is a state of mind and need not be proven as a fact, but may be inferred from the circumstances of the transaction and the defendant’s actions. State v. Graham, 420 So.2d 1126 (La.1982); State v. Vanvorst, 505 So.2d 123 (La.App. 4th Cir.1987), writ den. 533 So.2d 12 (La.1988).
The evidence at trial proved that defendant and another woman grabbed the victim’s genitals with sufficient force to cause him to bend forward in pain. They then jostled him, pushed him against a building and took his wallet.
Given the above facts, any rational trier of fact could have found that defendant used force or intimidation in the perpetration of this crime.[1]
This assignment of error is without merit.
ASSIGNMENT OF ERROR 3:
Defendant asserts that pursuant to the United States Supreme Court’s ruling in Cage v. Louisiana, — U.S. -, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), on remand, State v. Cage, 583 So.2d 1125 (La.1991), writ den. Cage v. Louisiana, — U.S. -, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991), the jury charge defining “reasonable doubt” was improper and warrants reversal of her convictions.
In State v. Dobson, 578 So.2d 533 (La. App. 4th Cir.1991), writ den. 588 So.2d 1110 (La.1991), this Court held that an assignment of error on the grounds that the “reasonable doubt” jury charge was improper under Cage will not be considered in the absence of a contemporaneous objection at trial.
Defendant acknowledges the lack of a contemporaneous objection but asserts that this court should recognize this error on a “plain error” analysis. We disagree. In Dobson, supra, this court stated:
“C.Cr.P. art. 841 sets out the general contemporaneous objection rule in Louisiana: ‘An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.’ Art. 801 contains the following provision dealing specifically with a jury charge:
A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error.
Consistent with these statutes Louisiana appellate courts have refused to consider arguments on jury charges where no contemporaneous objections were made. State v. Thomas, 427 So.2d 428 (La.1982); State v. Mart, 419 So.2d 1216 (La.1982); State v. Henry, 551 So.2d 9 (La.App. 4th Cir.1989); State v. Barbee, 543 So.2d 530 (La.App. 4th Cir.1989).
⅜ “ ⅝ 9|c 9fC # *
... Louisiana rules of criminal procedure do not contain a provision such as Federal Rule of Criminal Procedure 52(b) *408 which specifically provides for the doctrine. The Supreme Court has consistently rejected the ‘plain error’ rule; State v. Arvie, 505 So.2d 44 (La.1987); State v. Thomas, 427 So.2d 428 (La.1982); except in unusual circumstances as in State v. Williamson, 389 So.2d 1328 (La.1980), where the error involved the very definition of the crime of which the defendant was convicted and State v. Green, 493 So.2d 588 (La.1986), where the court considered that the omission of an instruction that the defendant’s prior theft conviction could be considered only for the purpose of sentence enhancement and not for the purpose of determining defendant’s guilt or innocence could arguably make the statute itself unconstitutional.” at pages 534-535.
These unusual circumstances are not present in the instant case. A departure from the rule against the “plain error” doctrine is not warranted.[2]
This assignment of error is without merit.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.
BRYAN, J. Pro Tern., concurs with reasons.

. Courts have found sufficient evidence of force or intimidation in circumstances less obvious than in the instant case. See, State v. McCall, 577 So.2d 764 (La.App. 2nd Cir.1991), writ den. 582 So.2d 1304 (La.1991); State v. Bourgeois, 573 So.2d 1170 (La.App. 5th Cir.1991); State v. Green, 558 So.2d 1263 (La.App. 1st Cir.1990), writ den. 564 So.2d 317 (La.1990); State v. Jackson, 454 So.2d 1220 (La.App. 2nd Cir.1984), writ den. 461 So.2d 312 (La.1984).

. Defendant cites Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) in support of her position that Cage should apply even absent a contemporaneous objection. Engle offers no support to defendant's position. In En-gle the defendants in a habeas proceeding collaterally attacked the trial court’s jury instructions on self defense. No objection was made at trial. The court held that cause and actual prejudice are required for a collateral attack and the futility of objecting is not a sufficient argument to warrant relief. The instant case is not a collateral attack on the conviction and defendant has not shown any reason for not objecting at trial.