liMURRAY, Judge.
On July 14, 1994 Donald Honeycut was convicted of simple robbery. La.R.S. 14:65. The state subsequently multiple billed him and as a third offender he was sentenced to fifty-six months at hard labor without benefit of parole.
Honeycut appeals his conviction and sentence.
We affirm.
On the evening of September 13, 1993, Vernon Tatum arrived in New Orleans at the Union Passenger Train Terminal on Loyola Avenue.[1] After a brief stop in the lobby, Mr. Tatum went to the rest room. It was approximately 8:50 P.M. While in one of the stalls, Mr. Tatum was confronted by a man (later identified as Donald Honeycut) who asked him, “What have you got?” and demanded “Give me your watch.” Mr. Tatum relinquished his watch and attempted to leave the rest room. Mr. Honeycut then demanded Mr. Tatum’s wallet. Mr. Tatum advised that he had no wallet, and continued walking through the corridor leading back to the lobby. When Mr. Tatum reached the train station lobby hej^began screaming that he had been robbed. Mr. Honeycut hurriedly left the train station through a side exit.
At trial, Mr. Tatum testified that the robber’s tone of voice was rough and that he thought he saw a cloth over one of his hands, but he was not certain. He also testified that there was no one else in the rest room when Mr. Honeycut approached him.
A security guard at the station heard Mr. Tatum screaming that he had been robbed and saw him pointing at a man leaving the station. The guard chased the man and apprehended him several blocks from the station when he slipped and fell. The guard retrieved Mr. Tatum’s watch from under Donald Honeycut’s body where it had fallen when he fell. Donald Honeycut was taken back to the station where Mr. Tatum identified Mr. Honeycut as the man who robbed him. He also identified as his the watch found under Mr. Honeycut when he was apprehended by the security guard.
Donald Honeycut testified in his own defense. He admitted being at the train station and seeing Mr. Tatum in the rest room with a man named Dick English. Mr. Ho-neycut testified that he did not know Mr. English, but had met him earlier that day. They arranged to meet at the train station that evening. Mr. Honeycut claimed that Mr. English gave him two watches, one of which turned out to belong to Mr. Tatum.

ERRORS PATENT REVIEW/ASSIGNMENT OF ERROR NUMBER TWO

A review of the record shows that there is one error patent. The trial court *540 ordered that appellant’s sentence be served without benefit of parole.[2]
Donald Honeycut was sentenced under La. R.S. 14:65 and La.R.S. 15:529.1. Neither statute provides that the sentence be served without benefit of parole. Mr. Honeycut’s eligibility for parole should be left to the determination of the Department of Corrections in accordance with La.R.S. 15:574.4. The trial court erred in denying parole eligibility. State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989). Accordingly, we amend the sentence by deleting that portion that prohibits parole eligibility.
lain Mr. Honeycut’s other assignment of eiTor, he contends that the evidence was insufficient to justify the verdict of guilty of simple robbery. Specifically, he argues that the state failed to prove that he used force or intimidation to procure the watch from Mr. Tatum.
The standard for reviewing a claim of insufficient evidence is: after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole, not just the evidence most favorable to the prosecution, and if rational triers of fact could disagree as to the interpretation of the evidence, then the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). It is not the province of the reviewing court to assess the credibility of witnesses unless the trier of fact’s finding is clearly contrary to the evidence. State v. Vessell, 450 So.2d 938 (La. 1984); State v. Cashen, 544 So.2d 1268 (La. App. 4th Cir.1989).
Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon. La.R.S. 14:65. (Emphasis added.)
Mr. Honeycut contends that since no physical contact occurred, and that the testimony showed only that he asked for Mr. Tatum’s watch and received it, the state did not prove that the watch was taken from Mr. Tatum by force or intimidation. He argues that the State relied on the difference in size between himself and the victim, the difference in their ages, and the fact that he approached the victim in a confined space to show intimidation, and that this is not sufficient.[3] We disagree.
In State v. McCall, 577 So.2d 764 (La.App. 2d Cir.1991) writ den., 582 So.2d 1304 (La. 1991), the court found sufficient evidence of force or intimidation to support a | conviction for simple robbery where the defendant grabbed $140.00 from out of a cash register after asking the cashier for change. The defendant in that case did not physically strike or shove the cashier, nor verbally threaten her. However, the defendant was six inches taller and approximately fifty pounds heavier than the cashier; he went behind the counter and jerked open the drawer; and the cashier testified that she was scared.
Mr. Tatum, an elderly man with a heart condition, was standing in a stall in a rest room at 8:50 in the evening. He was approached by a much bigger, younger man who demanded his watch in a rough tone of voice. No one else was in the rest room. He thought that there was a cloth covering the man’s hand, perhaps concealing a weapon.
The relative size and age of the victim and Mr. Honeycut, and the circumstances testified to support the jury’s conclusion that the watch was taken from Mr. Tatum by force or intimidation. This claim is without merit.
For the foregoing reasons, we affirm the conviction; amend Donald Honeycut’s sen *541 tence to delete that portion prohibiting parole, and as amended, affirm.
CONVICTION AFFIRMED; SENTENCE AMENDED; AS AMENDED, AFFIRMED.

. Mr. Tatum is seventy-three years old, five feet, three inches tall, and weighs approximately one hundred and fifty pounds. He is also a cardiac patient.

. The appellant also assigns error as to the sentence.

. In closing argument, the prosecutor refers to Donald Honeycut as being either six feet one or two inches. (T. 41). During trial, the jury was shown the difference in the size of the Mr. Ho-neycut and Mr. Tatum when they were asked to stand next to each other. (T. 18).