|, GAUDIN, Judge.
Ms. Clarita Tolliver was convicted of first degree robbery in Jefferson Parish, in violation of LSA-R.S. 14:64.1, and sentenced to 30 years at hard labor without probation, parole or suspension of sentence. She and a male companion, according to trial testimony, robbed taxicab driver James McCann. On appeal, Tolliver specified three district court errors:
(1) that neither she nor her companion led McCann to reasonably believe that either she or her companion was armed with a dangerous weapon, as required by the statute;
(2) that the trial judge erred in allowing the prosecuting attorney to question her about factual circumstances underlying her prior convictions after she admitted the convictions; and
(3) that it was per se ineffective assistance of counsel for Tolliver’s trial lawyer to waive closing arguments.
■Finding no reversible error, we affirm Tol-liver’s conviction.
*1275 ASSIGNMENT NO. 1
LSA-R.S. 14:64.1 states, in pertinent part:
“First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the ^immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.”
In this assignment of error, Tolliver argues that the evidence most favorable to the prosecution only proves simple robbery, which is a crime committed without a dangerous weapon.
McCann had picked up Tolliver and her companion on the West Bank of Jefferson Parish and told to drive them up Airline Highway on the East Bank. At no time was McCann given a precise address. Eventually McCann was told by Tolliver to stop in front of an abandoned house in Kenner, Louisiana, where the robbery assault took place.
While McCann was being robbed, he was in the front seat of his taxicab while Tolliver and her companion were in the rear seat. McCann did not actually see a pistol or any other weapon, but he was physically restrained and was repeatedly told by both Tolliver and her companion that he would be killed if he did not hand over all of his money.
McCann was asked why he believed that either Tolliver or her companion was armed. He replied: “It was the way they were acting and the way that they kept insisting that they was, you know, going to kill me.”
After taking McCann’s money, Tolliver and her companion exited the vehicle. Moments later, McCann heard two gunshots and then heard the man say, “Get out of here.” McCann drove off.
McCann did not resist but instead cooperated fully with the robbers, Lno doubt in fear of being injured or killed. His belief that one of the robbers was armed with a dangerous weapon was reasonably objective under the circumstances, and this is sufficient proof of first degree robbery. See State v. Fortune, 608 So.2d 148 (La.1992), wherein the Louisiana Supreme Court said at page 149:
“Direct testimony by the victim that he believed the defendant was armed, or circumstantial inferences arising from the victim’s immediate surrender of his personal possessions in response to the defendant’s threats, may support a conviction for first degree robbery. State v. Hill, 475 So.2d 1123 (La.App. 4 th Cir.1985), writ denied, 478 So.2d 904 (La.1985); State v. Augustine, 545 So.2d 1203 (La.App. 4 th Cir. 1989); See Annot., 81 A.L.R.3d 1006, § 8, pp. 1035-1043”
ASSIGNMENT NO. 2
In this assignment of error, Tolliver contends that she was illegally cross-examined about prior criminal convictions in violation of LSA-C.E. art. 609.1, which reads, in pertinent part:
“A. General criminal rule. In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.
“B. Convictions. Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.
“C. Details of convictions. Ordinarily, only the fact of a conviction, the name of the offense, the date thereof, and the sentence imposed is admissible. However, details of the offense may become admissible to show the true nature of the offense:
“(1) When the witness has denied the conviction or denied recollection thereof;
1⅜“(2) When the witness has testified to exculpatory facts or circumstances surrounding the conviction; or
“(3) When the probative value thereof outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.”
Tolliver had five previous convictions. Among her convictions were one for stealing money from James Taylor and another for *1276 robbing a taxicab driver named William Brown.
Under cross-examination, Tolliver was asked about the Taylor incident, as follows:
“And it’s a fact that on the 11th day of April, 1992, you stole between one hundred and five hundred dollars from a James Taylor, is that correct?”
She answered: “Yes, I did.”
The prosecutor then said:
“This was a man who let you into his car and you stole ...”
Defense counsel objected, after which a bench conference was held. After the conference, the prosecutor did not resume questioning about the Taylor robbery but instead asked Tolliver about William Brown. Tolliver testified that while she pled guilty to the crime, she did not rob Brown, as follows:
A: I didn’t rob that man.
Q: You didn’t rob that man?
A: No.
Q: Well, you pleaded guilty to it. Are you saying that you lied to |5the Judge-
A: No, I’m not saying I lied to the Judge.
Q: But, you did plead guilty to robbing William Brown, who is a cab driver?
A: Well, I guess I did. If you have down there that I plead guilty to it, I guess I did.
Q: Believe me, I’m the last person on earth who wants to put words in your mouth. This jury wants to know did you or did you not rob William Brown, a Service cab driver of his wallet on November the 11th-
.A: Yes, I did.
Q: You did?
A: Yes, I did.
Q: But, you’re saying you didn’t rob James McCann?
A: No, I did not rob him.
It appears that the questioning of Tolliver about William Brown was allowable under Art. 609.1(C)(1) inasmuch as Tolliver denied actually robbing Brown. Regarding the very limited questioning of Tolliver about James Taylor, this was harmless if erroneous. Tol-liver was convicted by and through McCann’s straightforward testimony about the circumstances of the robbery and his positive identification of Tolliver as one of the robbers.
ASSIGNMENT NO. 3
Although a claim of ineffective assistance of counsel is usually relegated to post-conviction proceedings, the allegation may be addressed on direct review if the record discloses the evidence necessary to decide the |6issue. Here, it is clear that the decision to waive a closing argument by Tol-liver’s counsel was strategic and was not the result of ill-preparation or incompetence.
After the jury was removed, this colloquy took place:
Prosecutor. ‘Your Honor, I have an objection — well, it’s not an objection. I guess this will be for the record on appeal, if need be. Mr. Hafner [defense counsel] has just waived his closing argument and out of an abundance of caution, the State will request that we heard whether Ms. Tolliver agreed with Mr. Hafner waiving the closing argument. And the reason being that I would hate for there to be a conviction in this case, Mr. Hafner having waived the closing argument, and then Ms. Tolliver would argue ineffective assistance of counsel because of that. As a result of that, I am making this request of the Court.
Defense counsel-. “ We have no problem with that, Your Honor. I have explained to Ms. Tolliver and she agrees with me that we put on whatever we could in this particular case. Jim Williams, the District Attorney, has handled his closing. Now, if I get up here and say so much as boo, the appellate courts can say that Mr. Williams can come back in his rebuttal and hammer us into the ground with a re-hash of all of the evidence. I feel that it is in our best interest that we cut Mr. Williams off as quickly and as soon as possible.
The Court: “Ms. Tolliver, do you agree with your attorney?
Ms. Tolliver: “Yes.
The Court: ‘You do? '
*1277 Ms. Tolliver: “Yes.”
Tolliver cannot now complain.
JtERROR PATENT
The trial judge faded to advise Tolliver of the prescriptive period for post-conviction relief as mandated by LSA-C.Cr.P. art. 930.8(C). We remand for this and for the trial court to place in the record proof that Tolliver has been notified of the statutory time limitation. Otherwise, Tolliver’s conviction and sentence are affirmed.
CONVICTION AFFIRMED; REMANDED ONLY FOR ART. 930.8(C) NOTICE.