729 So.2d 33 (1999)
STATE of Louisiana
v.
Gregg J. STANLEY.
No. 98-KA-920.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1999.
*34 Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Thomas S. Block, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee.
Laurie A. White, Gregg J. Stanley, New Orleans, Louisiana, Attorney for Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, MARION F. EDWARDS and SUSAN M. CHEHARDY.
EDWARDS, Judge.
Defendant/appellant Gregg J. Stanley appeals from the judgment of the trial court sentencing him to twenty-five (25) years at hard labor without benefit of probation, parole, or suspension of sentence in violation of LSA-R.S. 14:64.1. For the following reasons, we affirm and remand with instructions.
On May 23, 1997, defendant was charged by bill of information with first degree robbery in violation of LSA-R.S. 14:64.1. Defendant pled not guilty and the matter proceeded to trial on September 17, 1997. At trial, the twelve person jury returned a unanimous verdict of guilty as charged.
On October 3, 1997, defendant filed a Motion for New Trial which was denied by the trial court. Defendant was sentenced to twenty (20) years at hard labor, without benefit of probation, parol, or suspension of sentence. Defendant then filed a Motion for Reconsideration of Sentence which was denied by the trial court. Thereafter, the State filed a multiple bill alleging that defendant was a second felony offender. On October 7, 1997, defendant filed a Motion for Appeal.
On May 22, 1998, defendant stipulated to the multiple offender bill of information and entered a plea of guilty. The trial judge vacated the original sentence for first degree robbery and sentenced defendant in connection with the multiple bill of information to twenty-five (25) years at hard labor, without benefit of probation, parole, or suspension of sentence.[1]
On May 12, 1997, Danielle Davidson was working at the Circle K at 4533 Airline Highway in Metairie. At approximately 10:00 p.m. that evening, a man came into the store, bought some wine and left the store. A few minutes later, the same man re-entered the store and demanded that Ms. Davidson give him money from the register. Ms. Davidson complied with the demand after the robber told her that he had a knife. After taking money in small denominations and change, the man ran out of the store.
Immediately after the man left the store, Ms. Davidson called `911' to report the incident. Deputy Matthew Roth of the Jefferson Parish Sheriff's Office was dispatched to the Circle K to investigate the robbery. Deputy Roth testified that Ms. Davidson described the suspect as a white male in his twenties, about 5'10", 160 to 170 pounds, black moustache, medium length black hair. The suspect was described as wearing a black sweatshirt, gray shorts and a black baseball cap with the words "Your Basic Hat" written on it. Deputy Roth broadcast the suspect's description over the police radio.
Deputy Sean McCaffery of the Jefferson Parish Sheriff's Office received a description *35 of the suspect over the radio and reported to the Circle K to assist in the investigation. Deputy McCaffery began to canvass the area and came upon defendant in a car parked in a motel parking lot about three blocks from the Circle K. As Deputy McCaffery approached defendant's car in his marked police cruiser, defendant drove out of the parking lot passing Deputy McCaffery. Deputy McCaffery testified that when he passed the defendant's car he observed that the driver fit the description of the suspect which Deputy Roth had broadcast over the radio.
After Deputy McCaffery confirmed the suspect's description, he attempted to stop defendant's vehicle. Defendant did not respond to Deputy McCaffery's lights and siren. Instead, defendant attempted to evade Deputy McCaffery by speeding up and entering a residential neighborhood in West Metairie. Deputy McCaffery testified that during his pursuit of the defendant he saw defendant throw something out of his car window. Eventually, defendant stopped in the 900 block of Madison.
After defendant stopped, he was arrested by Deputy McCaffery. Defendant and his car were searched incident to the arrest and no weapons were found. A third Jefferson Parish Sheriff's officer, Deputy Gary Greene, recovered a black baseball cap with the words "Your Basic Hat" on it as well as money in small denominations scattered on the ground near the area which Deputy McCaffery indicated that defendant had thrown something out of his car.
After defendant was arrested, Deputy Roth brought Ms. Davidson to the scene of defendant's arrest. Ms. Davidson identified defendant as the man who had robbed the Circle K. Ms. Davidson did note that defendant was no longer wearing the black sweatshirt or cap he'd been wearing earlier. Subsequently, Ms. Davidson identified the hat and money which was recovered by Deputy Greene.

ANALYSIS
Defendant submits three assignments of error for this Court's review. In the first assignment of error, defendant alleges that the evidence introduced at trial was insufficient to support the verdict handed down by the jury. In the second assignment of error, defendant alleges that the sentence imposed by the trial court was excessive in violation of his constitutional rights. Finally, the defendant requests review of the record for errors patent.
In the first assignment of error, defendant contends that the State did not present sufficient evidence to prove that he committed the crime of first degree robbery. The defendant specifically contends the State failed to prove that defendant was the perpetrator of the robbery because the evidence is inconsistent with the victim's testimony concerning the description of the suspect and the events of the robbery. Defendant further argues that the State failed to prove that defendant led the victim to believe that he was armed with a dangerous weapon. In its brief, the State urges that the evidence presented at trial was legally sufficient.
The constitutional standard for testing the sufficiency of the evidence as set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to conclude that all of the essential elements of the offense have been proved beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La. 1986); State v. Honore, 564 So.2d 345 (La.App. 5th Cir.1990); writ denied, 569 So.2d 968 (La. 1990).
When circumstantial evidence is used to prove the commission of a crime, LSA-R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of LSA-R.S.15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La. 1984); State v. Francis, 95-194 (La.App. 5th Cir. 11/28/95), 665 So.2d 596. Thus, the entirety of the evidence, when viewed in the light most favorable to the prosecution, must be sufficient for a rational *36 juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Jacobs, 504 So.2d 817, 820 (La. 1987).
In this case, defendant was convicted of first degree robbery. LSA-R.S. 14:64.1(A) provides that first degree robbery is the "taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon."
Defendant argues that the surveillance video and the testimony of the victim, Ms. Davidson, demonstrate that the perpetrator was wearing a black hat and sweatshirt which defendant was not wearing when he was apprehended. Defendant further argues that the arresting officer could not identify the object which was thrown out of defendant's car nor could the officer who retrieved the hat and money identify those objects as the items which were thrown out of defendant's car. The basis for the defendant's argument is that when he was arrested, he was not wearing the clothes that the victim alleges he wore at the time of the robbery. However, defendant was positively identified by the victim, and Officer McCaffery testified at trial that he witnessed the defendant throw something out of his car window while being pursued. These items were later recovered by the police and introduced at trial.
The State presented three witnesses who testified that Ms. Davidson positively identified defendant as the man who robbed the Circle K when she was brought to the scene of his arrest. Ms. Davidson testified that she recognized defendant as the assailant even though he was no longer wearing the black sweatshirt or cap he'd been wearing during the incident. Subsequently, Ms. Davidson identified the hat which was recovered by Deputy Greene as the same type of hat worn by the robber. Thus, it appears that the entirety of the evidence, when viewed in the light most favorable to the prosecution, was sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was the perpetrator of this incident. Jacobs, 504 So.2d at 820.
Regarding defendant's claim that the State did not prove that he led the victim to believe that he was armed with a dangerous weapon, the State must prove two elements in order to convict for first degree robbery. To convict for first degree robbery, the State must prove that the offender induced a subjective belief in the victim that the offender was armed with a dangerous weapon, and that the victim's belief was reasonable under the circumstances. State v. Fortune, 608 So.2d 148, 149 (La. 1992). Direct testimony by the victim that he believed the defendant was armed, or circumstantial inferences arising from the victim's immediate surrender of his personal possessions in response to the defendant's threats, may support a conviction for first degree robbery. Id. at 149.
In State v. Tolliver, 97-1220 (La.App. 5th Cir. 6/30/98), 714 So.2d 1273; writ denied, 98-2057 (La. 11/25/98), 729 So.2d 577, defendant argued that the evidence was insufficient to support her conviction for first degree robbery. Defendant specifically argued that the evidence most favorable to the prosecution only proved simple robbery, a crime committed without a dangerous weapon. In Tolliver, although the victim did not see a pistol or other weapon, he testified that he believed that he was in danger because "they kept insisting that they was, you know, going to kill me." Id. at 1275. This Court followed the Louisiana Supreme Court's reasoning in State v. Fortune, supra and held that the victim's belief that one of the robbers was armed was reasonably objective under the circumstances. Id. at 1275.
In the present case before the bar, Ms. Davidson testified that although she never saw the knife with which defendant threatened her, she reasonably believed that the defendant was armed and would harm her if she did not cooperate. In contrast, defendant argues that the surveillance videotape presented at trial contradicted Ms. Davidson's testimony that defendant pointed to his side during the robbery to indicate that he had a knife.
Faced with the testimony, the jury chose to believe Ms. Davidson when she testified *37 that she felt threatened by defendant's claim that he was armed. The credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The credibility of witnesses will not be reweighed on appeal. State v. Rowan, 97-21 (La.App. 5th Cir. 4/29/97), 694 So.2d 1052, 1056.
Viewing the evidence in the light most favorable to the prosecution, we conclude that the State proved beyond a reasonable doubt the elements of the offense of which the defendant was convicted, that of first degree robbery. Based upon this conclusion, it is the opinion of this Court that the evidence presented was sufficient to sustain defendant's conviction for violation of LSA-R.S. 14:64.1.
In his second assignment of error, defendant contends that his twenty-five (25) year sentence as a second felony offender is excessive. The State responds that based on LSA-C.Cr.P. art 881.2(A)(2) defendant cannot appeal his sentence because it was imposed as part of a plea agreement.
According to LSA-C.Cr.P. art. 881.2(A)(2), a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Further, in State v. Young, 96-0195 (La. 10/15/96), 680 So.2d 1171, the Louisiana Supreme Court held that LSA-C.Cr.P. art. 881.2(A)(2) encompassed plea agreements involving sentencing caps as well as specific sentences.
In this case, the record shows that defendant was sentenced in conformity with a plea agreement that was set forth in the record. Originally, defendant was found guilty by a jury of first degree robbery. The penalty provision for first degree robbery provides: "[w]hoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation, or suspension of imposition or execution of sentence." LSA-R.S. 14:64.1(B). On the underlying offense of first degree robbery, the trial judge sentenced defendant to serve twenty (20) years at hard labor, without benefit of probation, parole, or suspension of sentence.
Subsequently, the State filed a multiple bill of information asserting that defendant was a second felony offender. According to LSA-R.S. 15:529.1(A)(1)(a), the sentencing range for defendant as a second felony offender would be "not less than one-half the longest term and not more than twice the longest term" prescribed for the underlying conviction, or twenty (20) to eighty (80) years imprisonment. LSA-R.S. 14:64.1; 15:529.1(A)(1)(a).
The record reflects that defendant signed a waiver of rights and guilty plea form in which he admitted that he was a second felony offender in exchange for a sentence of twenty-five (25) years without benefit of parole, probation, or suspension of sentence. The record shows that the trial judge informed defendant of the sentencing range for a second felony offender when he advised the defendant of his rights during the multiple bill proceedings. Further, the record shows that the trial judge specifically told defendant that his sentence would be twenty-five (25) years at hard labor, with credit for time served and without benefit of probation, parole, or suspension of sentence. After defendant indicated that he understood the legal consequences of stipulating to the multiple bill, the trial judge accepted defendant's plea, vacated his original sentence, and sentenced the defendant in conformity with the plea agreement.
Thus, defendant cannot seek review of the twenty-five (25) year sentence to which he agreed at the time of his plea. LSA-C.Cr.P. art. 881.2(A)(2); State v. Young, supra; State v. Borchers, 97-67 (La.App. 5th Cir. 5/28/97), 695 So.2d 1054, 1057. Therefore, it is our opinion that this assignment of error is not subject to review by the Court and must be dismissed.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir. 1990); and State v. Godejohn, 425 So.2d 750 (La. 1983). There is one correctable error in the record.
*38 The record reflects that the trial judge failed to advise defendant of the time limitation that governs filing applications of post-conviction relief as required by LSA-C.Cr.P. art 930.8(C). Paragraph A of that article provides that a defendant has three (3) years after his judgment of conviction and sentence becomes final under LSA-C.Cr.P. arts 914 or 922 within which to apply for post-conviction relief. The record does not show that defendant was advised of the appropriate prescriptive period for post-conviction relief at either the original sentencing or multiple bill proceedings. Therefore, we hereby order the trial court to send written notice of the prescriptive period to defendant within ten (10) days of the rendering of this Court's opinion, then file written proof in the record that defendant has received such notice. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289, 1291.
In summary, it is the opinion of this Court that the evidence presented at trial was sufficient to sustain defendant's conviction for violation of LSA-R.S. 14:64.1. Furthermore, it is the opinion of this Court that the sentence imposed by the trial court as part of a plea agreement is not subject to review. Finally, it is the ruling of the Court that the case be remanded with instructions in order to correct the error in the record as more fully described above.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] At the time defendant was sentenced in this case, he was on parole for a prior offense and the Court ordered that the defendant's sentence run concurrently with any time resulting from a parole revocation on the prior offense.