J¿GONZALES, J.
Gregory Charles, also known as Gregory Garrison, was charged by bill of information with two counts of knowingly and intentionally distributing cocaine in violation of La. R.S. 40:967(A)(1). He pled not guilty. After a trial by jury, he was found guilty as charged. Prior to sentencing, the State filed a habitual offender bill of information based on the instant conviction and an earlier conviction for distribution of cocaine. At a later hearing, defendant waived his rights with regard to a hearing on the multiple offender bill and admitted the allegations in the bill. The trial court adjudged defendant to be a second felony habitual offender and sentenced him, pursuant to a “sentencing agreement,” to fifteen years without the benefit of probation, parole, or suspension of sentence on count one and to ten years on count two, with the sentences to run concurrently.
Defendant’s appointed counsel has filed a motion to withdraw, with a supporting brief, alleging there are no non-frivolous issues that can be advanced for appellate review. Defendant asserts in his pro se brief solely that the sentence of fifteen years at hard labor on count one is excessive.
FACTS
On June 22, 1994, the St. Tammany Parish Sheriffs Office organized a short term undercover effort known as a “buy-bust” in the Batiste Apartments area of Slidell. The purpose of the “buy-bust” was to remove drug dealers quickly from the streets. Detective John Scallan. operating undercover, drove into the area and, while sitting in his car, was immediately approached by an individual at the driver’s side window. After some discussion, the individual sold Detective Scallan a rock of what was purported to be crack cocaine in exchange for $20.00. Detective Scallan complained to the individual that the rock was too small, so the individual left the side of the car and reappeared with a larger rock. The individual then mistakenly identified Detective Scallan as a frequent customer of his girlfriend and pursued another sale. The individual again walked away from the vehicle and returned with a substance in his mouth. Detective Scallan played along with the | ¡¡individual's incorrect impression and purchased another rock for an additional $20.00. Detective Scallan then drove away.
Several times during the above transactions, while the individual was walking to and from the officer’s vehicle, Detective Scallan would transmit descriptions of him via a “kel” or body wire. Officers waiting in a back-up car several blocks away and two “takedown” officers hiding behind the apartment building received these transmissions. The individual was described by Detective Scallan as a slim, black male, about six feet tall, with short ham, wearing a grayish-blue plaid button-up-the-front shirt and cut-off faded black sweat pants. As Detective Scallan drove away, he turned on his police radio and gave the same description he had given earlier, as well as the additional details that the individual had a mustache and small goatee, that the plaid shirt had a little tan in it, and that the individual was departing the area by walking around the side of the apartments between a trailer and a was-hateria.
Detective Wayne Wicker, one of the “takedown officers,” was hidden behind the building, approximately thirty yards from where the transactions took place. He monitored both the “kel” transmission and the police radio, heard all descriptions of the defendant as well as the exit route he took, and positioned himself accordingly. A few minutes after the transactions, *669 an individual matching the descriptions came around the building, and Detective Wicker detained him. Subsequently, Detective Scallan returned to the scene and positively identified the detained individual as being the person who had earlier sold him two rocks of a substance purported to be crack cocaine. This individual, the defendant, was arrested.
ANALYSIS
Counsel’s Motion to Withdraw and Defendant’s Pro Se Brief
Defense counsel has filed a brief noting two possible issues on appeal: (1) sufficiency of the evidence, and (2) exces-siveness of sentence. However, counsel explains in brief why these issues are meritless and asserts that, after a conscientious and thorough review of the record, counsel can find no non-frivolous issues to raise on appeal. ^Counsel has also filed a motion to withdraw from the case on these grounds, referring to the procedure outlined in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), and refined in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. A copy of defense counsel’s brief and motion to withdraw were sent to the defendant. This court informed the defendant he had the right to file a brief in his own behalf, and the defendant filed a pro se brief with this court.
Before we address the merits of counsel’s motion to withdraw, we will address the defendant’s sole pro se assignment of error. Defendant avers his fifteen-year sentence for distribution of cocaine is excessive. Defendant does not contest his ten-year sentence on count two. The trial court did not sentence the defendant immediately after he was convicted of the two counts of distribution and instead waited until the multiple offender hearing. The transcript reveals the hearing dealt not only with the multiple offender bill and sentencing for the distribution convictions but also with an additional charge of possession of cocaine, unrelated to the facts of this case. The trial court was informed the defendant wished to admit the allegations of the multiple offender bill and to plead guilty to the possession charge. After extensively advising and questioning the defendant about the rights he would be waiving by admitting the allegations of the multiple offender bill and by pleading guilty to the possession charge, the trial court accepted defendant’s stipulation to the multiple offender bill and his guilty plea and proceeded to sentence him, referring several times to a “sentencing agreement.” Defendant was subsequently sentenced to fifteen years without benefit of parole, probation, or suspension of sentence as a second felony offender on count one, to ten years on count two, and to five years on the possession charge, with these sentences to run concurrently.
Under La.C.Cr.P. art. 881.2(A)(2), the “defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” See also State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171, 1175. Young and its progenitors did not specifically address whether a defendant who admits the allegations of a multiple offender bill pursuant to a sentencing agreement |5is similarly barred from seeking review of that sentence. In the instant case, the record reflects the defendant desired to admit the allegations of the multiple offender bill and to plead guilty to the unrelated possession charge pursuant to a sentencing agreement under which the defendant would receive certain predetermined sentences. The trial judge informed the defendant several times of the “sentencing agreement” and of the rights he would be waiving thereunder. After the defendant indicated he understood the legal consequences of his actions, the trial court accepted the defendant’s stipulation to the multiple offender bill and *670 his plea of guilty on the possession charge and sentenced the defendant in conformity with the sentencing agreement. We see no reason why a stipulation to the allegations of a multiple offender bill — made pursuant to a sentencing agreement— should not also fall under the purview of La.C.Cr.P. art. 881.2(A)(2). See State v. Stanley, 98-920 (La.App. 5th Cir.2/10/99), 729 So.2d 33, 37, writ denied, 99-0614 (La.6/25/99), 745 So.2d 1186, and State v. Christmann, 96-888 (La.App. 5th Cir.3/12/97), 692 So.2d 1155, 1157, writ denied, 97-0951 (La.10/3/97), 701 So.2d 196 (both holding that a defendant’s sentence, imposed pursuant to a sentencing agreement made in exchange for a stipulation to a multiple offender bill, is not reviewable under La.C.Cr.P. art. 881.2(A)(2)). Thus, the defendant cannot seek review of his fifteen-year enhanced sentence.[2] Accordingly, we will not review defendant’s sentence for excessiveness as alleged in his pro se assignment of error.
A review of the record, however, shows there is one error patent. The trial court ordered defendant’s fifteen-year sentence be served without benefit of probation, parole, or suspension of sentence. The inclusion of the parole restriction rendered this sentence illegal. At the time of the offense, La. R.S. 15:529.1(G) [the habitual offender statute] did |fiprovide for the imposition of a sentence thereunder to be served without benefit of probation and suspension of sentence, but neither it nor La. R.S. 40:967(B)(1) [distribution of cocaine — the underlying conviction] provided for the imposition of a sentence without benefit of parole. Pursuant to La.C.Cr.P. art. 882, which provides that an appellate court may correct an illegal sentence at any time, we amend the sentence to strike and delete the portion of the sentence that provides it shall be served without benefit of parole. See State v. Thomas, 96-464 (La.App. 5th Cir.11/14/96), 685 So.2d 261, 264; State v. Honeycut, 95-0509 (La.App. 4th Cir.7/26/95), 659 So.2d 538, 539-40. Compare State v. Williams, 464 So.2d 451, 458 (La.App. 1 Cir.1985).
Turning to counsel’s motion to withdraw under Benjamin, supra, this court has conducted an independent review of the entire record in this matter. Other than the error discussed, supra, we have found no other reversible patent errors. Furthermore, we conclude there are no non-frivolous issues or trial court rulings which arguably support this appeal. Accordingly, the defendant’s convictions are affirmed. His sentences are affirmed as amended. Defense counsel’s motion to withdraw, which has been held in abeyance pending the disposition of this matter, is hereby granted.
CONVICTIONS AFFIRMED, SENTENCES AMENDED AND AFFIRMED. DEFENSE COUNSEL’S MOTION TO WITHDRAW GRANTED.

. At the time of the offense, 1994, La. R.S. 40:967(B)(1) provided, in pertinent part, that any person who distributed cocaine in violation of La. R.S. 40:967(A) "shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years.” Under the habitual offender statute as it read at the time of the offense, a second felony offender shall be sentenced for a term "not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.” La. R.S. 15:529.1. As such, at the time of his sentencing on the multiple offender bill and the predicate offense of distribution of cocaine, defendant could have been sentenced by the trial court to anywhere from fifteen to sixty years.