996 So.2d 1138 (2008)
STATE of Louisiana, Appellee
v.
Gregory MOSLEY, Appellant.
No. 43,669-KA.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
Louisiana Appellate Project, by Edward K. Bauman, Lake Charles, for Appellant.
Paul J. Carmouche, District Attorney, John Ford McWilliams, Jr., Geya W. Prudhomme, Assistant District Attorneys, for Appellee.
Before STEWART, PEATROSS and LOLLEY, JJ.
STEWART, J.
The defendant, Gregory Mosley, appeals his conviction for first degree robbery. He argues that the evidence did not suffice to establish that the victim reasonably believed he was armed with a dangerous weapon. Finding that the evidence establishes the essential elements of the crime beyond a reasonable doubt, we affirm the conviction and sentence.

FACTS
On November 12, 2006, Edmond Powell and his wife, Janice Powell, were at a self-serve car wash on La. Highway 1 just south of Old Mooringsport Road in Caddo Parish. While Mr. Powell was washing his vehicle, he was approached by the defendant who asked for change for a "ten." Mr. Powell went to the driver's side door, *1139 which he opened after his wife unlocked the vehicle. He gave his wallet to Janice and asked her to check for change. Before he could shut the door, the defendant approached Mr. Powell, put something wrapped in a towel against his neck, pushed him up against the vehicle, and demanded money. Mr. Powell put his hands on the object against his neck and felt what he believed to be the barrel of a gun and the sight at the end of the barrel. Testifying as to what occurred, Mr. Powell stated:
And so he, you know, he pushed me into the car and he's reaching into the car, reaching for my wallet which my wife had at the time. He reached for the wallet and my wife is going, you know, what'sshe's screaming, what's going on, you know, what are you doing in our car, and she wouldn't give him the wallet, and I said, you know, he's got a gun. And, you know, she didn'tshe didn't understand what was going on, she said, no, he doesn't and I said, yeah, he does. So she finally gave him the wallet.
After grabbing the wallet and Mr. Powell's cell phone from the center console of the vehicle, the defendant pointed the object in the towel at Mr. Powell's face and told him "you better watch it." The defendant fled to the rear of the vehicle and out of sight.
Mr. Powell immediately drove to a McDonald's just up the highway where he left his wife to call 911. As he then drove back toward the car wash, he spotted the defendant in a red Cadillac and began following it to get the license plate number. Mr. Powell testified that he had noticed the defendant drying that same car in the end stall when he first pulled up at the car wash before the robbery occurred. Mr. Powell followed the defendant at a high speed until the defendant turned into a ditch by the Northwood Lake Apartments. Mr. Powell continued up the highway until he could turn around, and when he got back to the ditch by the apartments, the Cadillac was gone. Mr. Powell returned to his wife and gave a description of the Cadillac, its last location, and a partial license plate number to the 911 operator.
Caddo Parish sheriff's deputies located the vehicle at the apartment complex, and Mr. Powell identified it as the one he had followed. The Cadillac had mud around the wheel wells and front bumper and located inside was a "doo rag," a towel, a spray nozzle, and the defendant's wallet. Mr. Powell's cell phone was found at the edge of a pond behind the apartments. Though the investigators located the apartment at which the defendant was staying, he was not there. In the meantime, Mr. Powell identified the defendant as the robber in a photographic lineup. Mrs. Powell failed to pick out the defendant, but she testified that she never got a good look at him during the robbery and that she guessed when viewing the lineup.
After receiving information that the defendant was at the apartment complex, the deputies returned there and were told by people gathered around outside that the defendant was running away. They chased the defendant and eventually found him hiding under a car. The keys to the Cadillac were found on him. Though he had lived in the area for a year, the defendant denied having been at the car wash or knowing there was a McDonald's nearby. However, a surveillance tape from the car wash at the time of the robbery showed a red Cadillac at the car wash shortly before the Powells' vehicle arrived and the defendant walking on the premises with a towel in hand. The same recording showed the Powells' vehicle leaving the premises followed shortly after by the red Cadillac.
After being charged with first degree robbery, the defendant opted for a bench trial at which he was found guilty as *1140 charged. Motions for post-verdict judgment of acquittal and a new trial were denied. Pursuant to an agreement with the state, the defendant pled guilty to a second felony habitual offender bill but preserved his right to appeal the first degree robbery conviction. The trial court imposed a sentence of 30 years at hard labor without benefit of probation, parole, or suspension of sentence and ordered the defendant to pay court costs. This appeal followed.

DISCUSSION
The sole assignment of error concerns the sufficiency of the evidence. The defendant argues that the evidence was insufficient to prove the victim could have reasonably believed he was armed with a dangerous weapon during the robbery. He relies on the testimony that Mrs. Powell told her husband that he did not a have gun when the robbery was happening.
In reviewing a conviction for sufficiency of the evidence, an appellate court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/05/03), 852 So.2d 1020. This standard is legislatively embodied in La. C. Cr. P. art. 821, and it does not allow the appellate court to substitute its own appreciation of the evidence for that of the fact-finder. State v. Pigford, XXXX-XXXX (La.2/22/06), 922 So.2d 517.
First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon. La. R.S. 14:64.1(A). The state is required to prove that the offender induced a subjective belief in the victim that he was armed with a dangerous weapon and that the victim's belief was objectively reasonable under the circumstances. State v. Fortune, 608 So.2d 148 (La.1992); State v. Collier, 39,882 (La.App. 2d Cir.8/17/05), 909 So.2d 654, writ denied, XXXX-XXXX (La.9/15/06), 936 So.2d 1256, recon. denied, XXXX-XXXX (La.11/9/06), 941 So.2d 30. The statute excludes unreasonable panic reactions by the victim, but otherwise allows the victim's subjective beliefs to determine whether the offender has committed first degree robbery or the lesser offense of simple robbery in violation of La. R.S. 14:65. State v. Stills, 34,740 (La.App. 2d Cir.6/20/01), 792 So.2d 782. Direct testimony by the victim that he believed the defendant was armed, or circumstantial inferences arising from the victim's immediate surrender of his personal possessions in response to the defendant's threats, may support a conviction for first degree robbery. State v. Fortune, supra; State v. Caples, 2005-2517 (La.App. 1st Cir.6/9/06), 938 So.2d 147, writ denied, 2006-2466 (La.4/27/07), 955 So.2d 684.
The defendant argues that the proof was not sufficient to establish that his actions led the victim, Mr. Powell, to reasonably believe he was armed with a dangerous weapon. However, Mr. Powell's testimony shows that he believed the defendant was armed and that his belief was objectively reasonable under the circumstances.
Mr. Powell testified that the defendant pressed a hard object into his neck as he shoved him against the vehicle. Mr. Powell reached back and felt what he believed was a barrel and sight on a gun. With the object against Mr. Powell's neck, the defendant shoved him into the vehicle, demanded *1141 money, and grabbed the cell phone from the console. Mr. Powell told his wife to give the wallet to the defendant because the defendant had a gun. Although Mrs. Powell told her husband there was no gun, she testified that she saw the defendant holding something wrapped in a towel but she could not see what the object was. The Powells' testimonies make clear that the exchange between them regarding the gun happened during a struggle inside the vehicle while the defendant was demanding money. Mr. Powell testified that his wife did not understand what was happening, and he insisted to her that the defendant was armed and that she must give him the wallet, which she did. The fact that no dangerous weapon was actually seen has no bearing on whether the elements of the crime have been established beyond a reasonable doubt.
In support of his argument that the Powells did not reasonably believe he was armed, the defendant cites State v. Wilson, 34,857 (La.App. 2d Cir.8/22/01), 796 So.2d 45, vacated in part, 2001-2815 (La.11/22/02), 836 So.2d 2, in which a first degree robbery conviction was reduced to a simple robbery conviction based on insufficient evidence regarding whether the victim reasonably believed the perpetrator was armed with a dangerous weapon. However, Wilson is distinguishable. The victim, a bank teller, testified that the defendant had his hand arched in his pocket when he passed a note to her demanding money. She was not sure whether he was actually armed, and she did not want to find out. She also told the police and testified that she had not felt threatened.
In this matter, Mr. Powell's testimony establishes that he at all times believed the object in the defendant's hand to be a gun. He felt what he believed to be a gun pressed against his neck and he insisted to his wife, who could not see what object the defendant had hidden in a towel, that it was a gun. The testimony shows that Mr. Powell clearly felt threatened. The actions of the Powells in turning over the wallet in response to the threat implied by the defendant's actions cannot be considered unreasonable panic under the circumstances. Moreover, the defendant's actions were clearly intended to induce a subjective belief by the victims that he was armed with a dangerous weapon. The defendant used as a weapon a spray nozzle that was apparently similar in size and shape to a handgun, and he concealed it with a towel to hide the fact that it was not a gun. He placed this concealed object against Mr. Powell's neck in the manner of one wielding a gun and demanded money. He also pointed the object at Mr. Powell's face and warned him to watch it.
We find that the record supports the trial court's determination that Mr. Powell's belief that the defendant was armed with a gun was reasonable under the circumstances. Reviewed pursuant to the standards of Jackson v. Virginia, supra, the record shows that the state presented sufficient evidence to prove the elements of first degree robbery. Accordingly, we affirm the defendant's conviction.

Error Patent Review
The record shows that the trial court failed to observe the proper sentencing delays set forth in La. C. Cr. P. art. 873, by imposing the sentence less than 24 hours after denying the motion for a new trial on the first degree robbery conviction. While this is error patent, it is not reversible unless the defendant demonstrates prejudice. State v. Drane, 36,230 (La.App. 2d Cir.9/18/02), 828 So.2d 107, writ denied, 2002-2619 (La.3/28/03), 840 So.2d 566. Here, the defendant has neither objected to the sentence nor alleged any prejudice due to the trial court's failure to observe the delays; therefore, no remand for resentencing *1142 is required. State v. White, 404 So.2d 1202 (La.1981).

CONCLUSION
For the reasons stated, the defendant's first degree robbery conviction and 30-year hard labor sentence without benefits are affirmed.
AFFIRMED.