GASKINS, J.
 

 _JjThe defendant, Lawrence Ryan Chi-solm, was convicted of felony carnal knowledge of a juvenile and sentenced to seven years at hard labor, with credit for time served. The defendant now appeals. We affirm the defendant’s conviction and sentence.
 

 FACTS
 

 In June 2004, the defendant and his girlfriend, E.W.O., were living together in Bossier City, Louisiana, with their two very young children. E.W.O.’s 13-year-old sister, M.O.,
 
 [1]
 
 frequently babysat for the children. One night, E.W.O. woke up to discover the 23-year-old defendant was not in their bedroom. She found him in their children’s bedroom with M.O., who was wearing only a T-shirt, and no underwear. The defendant was wearing only boxer shorts and had an erection. After the defendant and E.W.O. began arguing, M.O. ran home. In compliance with M.O.’s request, E.W.O. did not tell anyone about this incident.
 

 Several months later, M.O.’s mother, H.W.O., was cleaning M.O.’s bedroom and discovered a note written by M.O. After reading the note, H.W.O. became convinced that M.O. and the defendant had been involved sexually. Thereafter, the Bossier City Police Department was contacted and an investigation was initiated. During an interview with Detective Samuel Wyatt, M.O. admitted that she and the defendant had engaged in sexual intercourse on one occasion and that he had fondled her at other times. The record indicates that this one act of sexual intercourse occurred about one month before E.W.O. found them together, or in approximately May 2004.
 

 lain November 2004, a warrant was issued and executed for the defendant’s arrest. After reading the defendant his
 
 Miranda
 
 rights, Detective Wyatt and the defendant discussed the allegations. During the conversation, the defendant admitted to Detective Wyatt that he had sex with M.O. on one occasion.
 

 In January 2005, the defendant was charged by bill of information with felony carnal knowledge of a juvenile, in violation of La. R.S. 14:80(A)(1). Following a jury trial in February 2008, the defendant was convicted as charged.
 

 
 *245
 
 In May 2008, the trial court denied the defendant’s motions for new trial and for post-verdict judgment of acquittal. The trial court then sentenced the defendant to imprisonment at hard labor for seven years with credit for time served. The defendant’s timely motion to reconsider sentence was denied.
 

 In January 2011, the defendant was granted an out-of-time appeal. He now asserts three assignments of error before this court.
 

 OTHER CRIMES EVIDENCE
 

 The defendant argues that the trial court erred in denying his motion for a mistrial after the victim’s sister made two references during her testimony to other crimes evidence pertaining to the defendant.
 

 During cross-examination of E.W.O., defense counsel asked her about her previous living arrangements with the defendant. E.W.O. stated the following:
 

 A: Yes, I had had our first daughter ... [in April 2001]. [The defendant] was incarcerated at the time of my [sic] birth. And after | she was released from prison or the net recon brig he was in he was paroled out to his parents’ house and that’s when I moved to Georgia.
 

 Defense counsel did not object to the answer, but continued questioning E.W.O. about her family life. The state, however, eventually objected to the relevance of defense counsel’s line of questioning, and a sidebar conference was held. At this point, defense counsel requested a mistrial based on E.W.O.’s testimony that the defendant had previously been incarcerated. The trial court denied the defense’s request since the other crimes evidence had been elicited by the defense.
 

 Later, defense counsel asked E.W.O. about her criminal history:
 

 Q: Okay, can you please share with the Court the nature of the offense?
 

 A: It was December of 2001, me and Mr. Chisolm were both arrested for theft where I took the charge for both of us so he wouldn’t be in trouble because he was on parole at the time.
 

 However, defense counsel did not make a contemporaneous objection to this response or request a mistrial or admonition. As a result, he did not preserve for appeal any complaints he might have had with this particular statement. La. C. Cr. P. art. 841.
 

 Law
 

 La. C. Cr. P. art. 770(2) provides for a mandatory mistrial when a remark, within the hearing of the jury, is made by the judge, the district attorney, or a court official, and such remark refers to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. However, remarks by witnesses fall under the discretionary mistrial provisions of La. C. Cr. P. art. 771. When a witness prefers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible, upon request of the defendant, the defendant’s remedy is a request for an admonition or a mistrial pursuant to La. C. Cr. P. art. 771.
 
 State v. McGee,
 
 39,336 (La.App.2d Cir.3/4/05), 895 So.2d 780.
 

 Unsolicited statements and spontaneous conduct of a witness are not usually grounds for a mistrial.
 
 State v. Gullette,
 
 43,032 (La.App.2d Cir.2/13/08), 975 So.2d 753. Mistrial under La. C. Cr. P. art. 771 is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. Moreover, mistrial is a drastic remedy which is only authorized
 
 *246
 
 where substantial prejudice will otherwise result to the accused.
 
 State v. Gullette, supra.
 

 The decision to grant or deny a mistrial for prejudicial conduct rests within the trial court’s discretion and will not be disturbed absent an abuse of discretion.
 
 State v. McGee, supra; State v. Wright,
 
 40,945 (La.App.2d Cir.5/19/06), 931 So.2d 432,
 
 writ denied,
 
 2006-1727 (La.3/16/07), 952 So.2d 694.
 

 Even when other crimes evidence is improperly admitted at trial, the erroneous admission is a trial error and is subject to harmless error analysis on appeal. Trial error is harmless where the verdict rendered is surely unattributable to the error.
 
 State v. McGee, supra; State v. Gullette, supra.
 

 The Louisiana Supreme Court has consistently held that the state cannot be charged with testimony elicited by defense counsel implying that |5the defendant had previously committed other crimes and that the defendant cannot claim reversible error on the basis of that evidence which he elicited.
 
 State v. Tribbet,
 
 415 So.2d 182 (La.1982);
 
 State v. Kimble,
 
 375 So.2d 924 (La.1979). In
 
 State v. Jones,
 
 588 So.2d 805 (La.App. 2d Cir.1991), this court rejected, in absence of any pattern of unresponsiveness or improper intent on the part of the witness, a defendant’s claim that he should have been granted a mistrial after his attorney asked a police officer an open-ended question and his response referred to the defendant’s commission of another crime. See also
 
 State v. Johnson,
 
 2006-1235, pp. 8-10 (La.App.1st Cir.12/28/06), 951 So.2d 294, 300-301;
 
 State v. Chaisson,
 
 2009-119, pp. 21-25 (La.App.3d Cir.10/7/09), 20 So.3d 1166, 1180-1182.
 

 Discussion
 

 The trial court did not abuse its discretion by denying the defendant’s request for a mistrial. The defendant elicited the complained of statement from the witness and therefore cannot claim reversible error on the basis of the evidence he elicited.
 
 State v. Tribbet, supra.
 
 Defense counsel questioned E.W.O. about where she lived at various times. E.W.O.’s answer in which she mentioned the defendant being incarcerated at the time of their daughter’s birth was given to explain her subsequent move to Georgia to be with him after he was released on parole. Her response appeared to merely relate her move to Georgia in connection to a memorable event, i.e., the defendant’s release to his parents’ home there.
 

 | ^Furthermore, even if there was any error in the trial court’s ruling, it was undoubtedly harmless error. The evidence adduced at trial was clearly sufficient to support the jury’s finding of the defendant’s guilt.
 

 This assignment of error is meritless.
 

 INCULPATORY STATEMENT
 

 The defendant contends that the trial court erred in allowing into evidence the defendant’s inculpatory statement to Detective Wyatt which was made while the detective was transporting him following his arrest.
 

 Prior to Detective Wyatt’s trial testimony, a hearing was held outside the presence of the jury to determine if the incul-patory statement made by the defendant was free and voluntary. Detective Wyatt testified that after the defendant was arrested, he transported the defendant to the Bossier City Police Department in his police vehicle. After the defendant was placed in the car, the detective informed him of his rights under
 
 Miranda v. Ari
 
 
 *247
 

 zona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The defendant then began discussing the case with Detective Wyatt. The defendant admitted that he had made a “stupid mistake” and had sexual intercourse with M.O. one time; however, he insisted that he had not forced the girl to have sex with him. When they arrived at their destination, Detective Wyatt read the defendant his
 
 Miranda
 
 rights again before attempting to take a recorded statement. This time, the defendant refused to talk and invoked his right to an attorney. All questioning ceased. Detective Wyatt testified that he did not use force, coercion or promises to induce the defendant to make the statement in the police vehicle. The trial court held that the statement was |7free and voluntary and allowed its admission. Specifically, the court noted that the defendant was read his
 
 Miranda
 
 rights before he made the statement to the detective.
 
 [2]
 

 Law
 

 Before the state may introduce a confession into evidence, it must demonstrate that the statement was free and voluntary and not the product of fear, duress, intimidation, menaces, threats, inducements or promises. La. R.S. 15:451; La. C. Cr. P. art. 703 D;
 
 State v. Ashley,
 
 44,655 (La.App.2d Cir.9/23/09), 22 So.3d 1045,
 
 writ denied,
 
 2009-2305 (La.4/23/10), 34 So.3d 271;
 
 State v. Freeman,
 
 45,127 (La.App.2d Cir.4/14/10), 34 So.3d 541,
 
 writ denied,
 
 2010-1043 (La.11/24/10), 50 So.3d 827. If a statement is the product of custodial interrogation, the state additionally must show that the person was advised before questioning of his rights under
 
 Miranda v. Arizona, supra.
 
 A trial court’s finding as to the free and voluntary nature of a statement carries great weight and will not be disturbed unless not supported by the evidence.
 
 State v. Freeman, supra.
 
 Testimony of the interviewing police officer alone may be sufficient to prove that the statement was given freely and voluntarily.
 
 State v. Ashley, supra.
 

 Spontaneous and voluntary statements made while the defendant is in custody and not given as a result of police interrogation or compelling influence are admissible as evidence even when made without the
 
 Miranda
 
 |swarning.
 
 State v. Caston,
 
 40,054 (La.App.2d Cir.9/28/05), 912 So.2d 413. A trial court’s determination on the credibility and weight of testimony relating to the voluntariness of a confession will not be overturned unless clearly contrary to the evidence.
 
 State v. Caston, supra.
 

 Discussion
 

 The trial court did not err by allowing the defendant’s statement to Detective Wyatt into evidence. The trial court’s determination that the defendant’s statement was. not the result of fear, duress, intimidation, menaces, threats, inducements or promises was based on the testimony of Detective Wyatt, and the court’s conclusions on credibility and weight are entitled to great deference. Furthermore, Detective Wyatt testified that he read the defendant his
 
 Miranda
 
 rights prior to engaging with him in a conversation regarding the case. It was after the defendant was given his
 
 Miranda
 
 warnings that he made the inculpatory statement, admitting
 
 *248
 
 that he had sex with M.O. When the defendant arrived at the police station and invoked his right to an attorney, his request was scrupulously honored.
 

 This assignment of error lacks merit.
 

 SENTENCING DELAYS
 

 The defendant contends that the trial court committed error patent when it failed to obtain an express waiver of the sentencing delays after it denied his post-trial motions and that his sentence must be vacated as a result.
 

 On May 13, 2008, immediately after denying the defendant’s motions for new trial and post-verdict judgment of acquittal, the trial court inquired |9of defense counsel, “Okay. Ready for sentencing?” Defense counsel replied, ‘Yes, sir, Your Honor.” The trial court then imposed sentence upon the defendant.
 

 La. C. Cr. P. art. 873 provides:
 

 If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
 

 Absent a showing that a defendant was prejudiced by the failure to observe the waiver set forth in La. C. Cr. P. art. 873, an appellate court is not required to remand for resentencing.
 
 State v. Drane,
 
 36,230 (La.App.2d Cir.9/18/02), 828 So.2d 107,
 
 writ denied,
 
 2002-2619 (La.3/28/03), 840 So.2d 566;
 
 State v. Russell,
 
 42,479, p. 22 (La.App.2d Cir.9/26/07), 966 So.2d 154, 169,
 
 unit denied,
 
 2007-2069 (La.3/7/08), 977 So.2d 897
 
 [3]
 
 ;
 
 State v. Mosley,
 
 43,669 (La.App.2d Cir.10/22/08), 996 So.2d 1138. This is especially true when a substantial amount of time has passed between the defendant’s trial and sentencing.
 
 State v. White,
 
 404 So.2d 1202 (La.1981);
 
 State v. Keleman,
 
 444 So.2d 1328 (La.App.2d Cir.1984),
 
 unit denied,
 
 447 So.2d 1069 (La.1984).
 

 The defendant neither raises any objection regarding the sentence imposed nor cites any prejudice resulting from the trial court’s failure to delay sentencing. Also, we have not found any indication that he was |inactually prejudiced by the alleged error, especially considering that three months passed between the defendant’s trial and his sentencing hearing. Therefore, we find that any error to observe the sentencing delay was harmless.
 
 State v. Drane, supra.
 

 This assignment of error lacks merit.
 

 CONCLUSION
 

 The defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . In accordance with La. R.S. 46:1844(W), the victim is referenced only by her initials. To further protect her privacy, her sister and mother are also referenced by initials.
 

 [2]
 

 . At the hearing, Detective Wyatt also testified that after his interview with M.O., but before the defendant's arrest, he called the defendant’s cell phone. He informed the defendant that he was conducting an investigation and asked him to come to the police department to talk. The defendant said that he knew that the investigation was about him having sex with M.O.; he then refused to come in. The trial court found this statement was admissible as an excited utterance and allowed Detective Wyatt to testify about it. On appeal, the defendant does not complain of this ruling.
 

 [3]
 

 . Because the defendant failed to allege prejudice, we — like the court in
 
 State v. Russell, supra
 
 — find it unnecessary to even consider whether defense counsel’s statement constituted an implied waiver under
 
 State v. Clark,
 
 35,272 (La.App.2d Cir. 12/5/01), 803 So.2d 280.